UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In the Matter of the Complaint of

Laurene Yu

        Complainant

        -against-

CITY OF NEW YORK, and
ADMINISTRATION FOR
CHILDREN SERVICES (**ACS**),
John Doe

-----------------------------------------------------------------X

**17CV 7327**

**CASE NO**

REQUEST FOR JURY
TRIAL

2017 SEP 25 PM 12:16
SDNY PRO SE OFFICE
RECEIVED

# I. PARTIES

Laurene Yu
335 East 14th Street #52
New York, NY
(t)917-592-5889         (em) laurene.yu@gmail.com

VS.

City of New York
100 Church Street
New York, NY 10007
        And
Administration for Children Services (**ACS**)
150 William Street, Subpoena Intake Unit
New York, NY 10038
John Doe

## II. PLACE OF EMPLOYMENT

- I worked at City of New York, Administration for Children Services (**ACS**), 150 William Street, New York, NY 10038 and also sought employment by the City of New York.

## III. CAUSE OF ACTION

### A. Federal Claims

- This employment discrimination lawsuit is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin.

- The defendant discriminated against me because of my race, (Asian) color, (yellow), religion, and national origin, (Chinese).

- Age Discrimination Act of 1973, 27 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older) at which I was born in the year 1970.

- The defendant also failed to provide me with Equal Protection Clause, USC1983 and 1981 in violation of my civil rights, guilty before proven innocent and dismissed me with prejudice.

### B. Other Claims
In addition to my federal claims listed above, I assert claims under:

- New York State Human Rights Law, N.Y Exec Law §§290 t0 297, for employment discrimination on the basis of age, race, creed, color, national origin, sex, disability, predisposing genetic characteristics, marital status

- New York City Human Rights Law, N.Y. City Admin Code §§8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

**RETALIATION**
The defendant retaliated and blacklisted me, after I protested discrimination, filed grievances for underpayment, and reported misconduct.

The defendant slandered me with hostile propaganda, witchhunt, and posted false and inflamed facts about me on the internet.

1

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant(s) in this case took the following adverse employment actions against me:
    They *did not* hire,
    *did not* rehire me,
    *terminated* my employment,
    *never* promoted me,
    provided me with terms and conditions of employment different
        from those of similar employees: which they did not accommodate me,
    and *did not* correctly re-classify my job description, as did others.
    defamed me,
    harassed me or created a hostile work environment,
    maliciously persecuted me and scapegoated me
    retaliated against me
    blacklisted me
    unfair disciplines, disparate treatment, no corrective action plans, training
    pre deprivation and ongoing post deprivation

### B. Facts/Background
**ACS** is part of the City of New York, and an agency whose main mission is to protect children from child abuse.

1. On April 28, 2008, I was hired at ACS as a permanent employee. My tasks as a graphic artist, included promoting the agency through graphical and technical abiltities. It is a citywide title used through out the City agencies.

2. In 2013, I filed an EEO complaint to NYSHR (New York State Human Rights), based on discrimination of race when former a Press Secretary, Laura Postiglione, an unqualified white woman, was hired as my director. She made the comment to another co-worker about me "*they should go after the Asian girl.*"

3. Within two weeks of my NYSHR claim, I was disciplined for 30-days without pay due to inflamed charges.

4. In 2013 and 2014, I was awarded back pay twice through arbitration from a Union grievance, but did not receive a promotion.

5. In 2013, I filed an EEOC complaint for discrimination and retaliation for the agency punishing me, and thus received a Right to Sue Letter.

6. In 2013, I filed an Article 78, pro se for returning my 30-days without pay, and City responded by posting inflammatory charges and comments on the internet.

7. In January 2015, I applied and was denied application for Mayors scholarship, where Personnel Director Faustina Haynes, retaliated and stated "*the agency is not able to support me.*"

2

8. In January 2015, I reported to Chief of Staff-Robert Martin in the Office of Deputy Commissioner

9. In February 2015, I filed a third Union grievance for underpayment and working above title.

10. In June 2015, I reported to former Associate Commissioner, now Senior Advisor-Dan Sedlis who reported to former Special Assistant, now Chief of Staff -Kaytlin Simmons, Esq. in the Office of the Deputy Commissioner.

11. In October 2015, I filed a complaint to Gladys Carrion, Commissioner, that Discipline Lawyer, Susan Hochberg, Esq. who was proferring a witch hunt on me, was also violating Hatch Act because she was campaigning to be Judge on working hours.

12. In Dec 2015, I complained to Personnel and agency EEO that Chief of Staff, Kaytlin Simmons, Esq was continuing their hostile treatment towards me; sabotaging my computer, keeping me out of meetings and failing to provide me with salary parity and the computer resources I needed.

13. In January 2016, Supervisor Dan Sedlis retired, and with urgency from Kaytlin Simmons, wrote me up one week before he retired whom I then reported.

14. On March 13, 2016, I was accused of threatening behavior to Simmons, and disciplined for 30 days without pay, and was threatened termination by Agency attorneys, Susan Starker, Esq and Susan Hochberg, Esq.

15. On March 13, 2016, my complaints were dismissed by agency who failed to investigate my counterclaims of harassment and disorderly conduct by Kaytlin Simmons, Esq, and her alliances.

16. On March 10, 2016, I submitted a Workplace Violence Report that also was dismissed.

17. On March 13, 2016, Agency attorneys Susan Starker, Susan Hochberg, Kaytlin Simmons, and Assistant Commissioner, Andre Brown abused their powers to have me escorted off the property, embarrassed me, and suspended me for 30-days without pay.

18. On Mar 16, 2016, I emailed ACS and asked director Susan Starker *"what Management wanted from me so I could readily improve."* She refused to answer me and railroaded me and stated *"the Union would assist."*

19. On Mar 23, 2016, I filed for NYS unemployment for my 30 days without pay and received opposition, but won it Appeal which indicated the 30-day suspension without pay was through no fault of my own.

20. On April 13, 2016, I was involuntarily relocated to warehouse in deep Brooklyn, Canarsie. I was forced to pack my 8 years of work in two hours, hurting my back from their aggressive bullying.

21. On April 14, 2016, I was *deprived, denied,* and pulled out of a city training, in a classroom full of people.

22. On July 2016, I filed an internal agency EEO complaint of retaliation, due to my involuntary relocation, but was also *dismissed.*

### 300 days pre-EEOC

23. In August 2016, Supervisor of the warehouse, Kenny Charles, Assistant Commissioner Andre Brown, and Susan Starker, Esq. changed my City timesheet without my consent to withhold two (2) days of pay when I had no access to a working computer at the warehouse location.

24. On August 28, 2016, at the Office of Administrative Trial and Hearing (OATH) administrative hearing, ACS Agency lawyer Susan Hochberg, Esq told me *"I should resign."*

25. On September 11, 2016, I went to Department of Investigation (DOI) to report abuses.

26. On September 15, 2016, Personnel called me and forced me to return to headquarters at 150 William, Manhattan for a termination letter that same day. I was again escorted out of the building where the Security Officer laughed in disbelief.

27. On January 30, 2017, the Civil Service Commission (CSC) upheld the ALJ's findings and termination, stating reason of *"incompetence, insubordination, and misconduct."*

28. In February 2017, Susan Starker, Esq of ACS sued the City for her demotion of incompetence and negligence due to many high-profile deaths.

29. On February 6, 2017, I was *denied* and *dismissed* a reconsideration for my 30 days suspension and termination appeal by the CSC.

30. On February 6, 2017, I was *denied* and dismissed a transfer to another City agency by the CSC.

31. On February 6, 2017, I was *denied and dismissed* a reinstatement to the agency by the CSC.

32. In March 2017, I was *railroaded* and *dismissed* when I emailed the NYC City Wide Services Commissioner, (DCAS) to review my case, in which the Chief of Staff, Quinton Haynes emailed me back and said *"I should reach out to ACS."*

4

33. In May 2017, I applied for NYS Unemployment and won it once again through adjudication.

34. In July 2017, I applied for internship through City of New York and was *denied*.

35. In July 2017, I filed a complaint with the EEOC for discrimination and retaliation.

36. In August 2017, Susan Starker's case to sue the City of NY for her demotion was denied.

37. On September 18, 2017, the City of New York closed my case to appeal my unemployment.

38. On September 22, 2017, I have exhausted mediation and collective bargaining remedies, through a cycle of management and lawyer abuse; justice *denied, deprived,* and *delayed*.

S

5

## V. ADMINISTRATIVE PROCEDURES

1. Attached EEOC Right To Sue Letter dated, August 10, 2017

## VI. RELIEF

**The relief I want the court to order is:**

2. Direct the defendant to hire me
3. Direct the defendant to re-employ me
4. Direct the defendant to promote me
5. Direct the defendant to reinstate my back-pay, pension pay, seniority, with current interest in a timely fashion
6. Direct the defendant to clear my name
7. Direct the defendant to pay retaliation, emotional distress, defamation and injurious pay

6

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Laurene Yu<br>80 1st Avenue<br>Apt 13-E<br>New York, NY 10009 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-03098 | Mabel Tso,<br>Investigator | (212) 336-3762 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*      **AUG 1 0 2017**

Enclosures(s)      Kevin J. Berry,<br>District Director      *(Date Mailed)*

cc:    **Susan Starker, Esq.**<br>**EEO Director**<br>**NYC ACS**<br>**110 William Street**<br>**20th Floor**<br>**New York, NY 10038**

## VII.  PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

9-22-17
Dated

Plaintiff's Signature

Laurene
First Name

Middle Initial

Yu
Last Name

335 East 14th Street #52
Street Address

New York
County, City

NY
State

10009
Zip Code

917-592-5885
Telephone Number

laurene.yu@gmail.com
Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7