UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURENE YU
Plaintiff

AGAINST

Case No. 1:17 CV 07327[i]

HON. ROBERT SWEET

CITY OF NEW YORK,
ADMINISTRATION
for CHILDREN SERVICES,
et al
Defendant(s)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/18

<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS:</u>

The Pro se, Plaintiff, Laurene Yu, respectfully requests this Honorable Court to deny the motion to dismiss.

<u>ARGUMENT</u>

1. Answering Point one (1), 'of Defendant's Motion to Dismiss,' concede that I have exhausted administrative remedies with respect to race, age, and retaliation. They incorrectly stated that I failed to allege national origin discrimination in my Notice of Claim of Discrimination. See **(Exhibit A- Notice of Discrimination Charge)**, the actual filing for EEOC was intake dated July 26, 2017 and the initial complaint of Race, Age, National Origin, and Retaliation, were checked off. The defendant's copy was irregularly marked off. I should be allowed to proceed on my color, religion, and sex discrimination claim, that the defendants stated otherwise.

2. Answering Point two (2), 'of Defendant's Motion to Dismiss,' my complaint alleges retaliation under Title VII and the ADEA that post-date events September 4, 2016, as does my termination on September 15, 2016, and so the applicable statute fall within the limitations of 300 days. In addition, my complaint alleges violations of §1983, and which has a three 3-year

1

limitation period, as well as the city and state law claims that also have a 3-year limitation period. My complaint alleges discriminatory and retaliatory acts that fall within the limitations period that occurred after on many time periods from September 25, 2014, to Sept 4, 2016, and presently. Although, defendant's rely on supporting, cohorted evidences by City Administrative Law Judge (ALJ), City Managers and other city witnesses, 100% of my complaints of discrimination were dismissed entirely. Hence, I do not articulate, in speech or written word (here) as rude as they aggressively stated.   In fact, as such a hostile work environment, such as ACS, and the City of New York, to describe someone as "rude and describing my eyes as shifty and seething" is a matter of question. I had stated I felt sorry for Laura Postiglione 'Ms. Postiglione,' who had been demoted from her job as Press Secretary. When reviewing the legitimacy of my witness, 'Mr. Lehman,' he was Ms. Postiglione's union rep, and had no benefit in coming to testify for me.

3. Answering Point three (3) 'of Defendant's Motion to Dismiss,' the comment in question may serve as a predicate to my federal laws claims as demonstrating discriminatory animus by defendants; notably Supervisor, Ms. Postiglione, a white woman, on record saying *"They should go after the Asian girl."* Defendants admitted and minimized that a "stray comment" by a supervisor addressing me, or any worker by race, age, and sex, is a legitimate and acceptable business practice, yet alone rude. While this predicate is a strong animus and base said from Supervisor, and the defendant's justifying and dismissing it, I suffered adverse employment actions throughout my tenure. There is a legitimate connection to said statements and the hostile work environment. It has also been documented of discriminatory behavior(s) specifically towards Asians as evidenced in an EEO agency memo, titled "Inappropriate Behavior in the Workplace Memo by EEO" by ACS and City of New York. See **(Exhibit B- EEO Inappropriate Behavior in the Workplace Memo).**  In *Morales v City of New York & ACS, (2016),* the defendants argued that administrative complaints include issues raised with the NYS Division of Human Rights (SDHR) are exhaustive. I should be allowed to raise complaints under Equal Protection Clause, § 1981, New York State Human Rights Law (SHRL), and New York City Human Rights Law (CHRL).

4. Answering Point four (4) 'of Defendant's Motion to Dismiss,' defendant's admitted and accepted that discipline charges of a 30-day suspension proffered two weeks after my SDHR complaint of retaliation and discrimination. To establish a prima facie case, an inference of discrimination also arises when an employer replaces a terminated or demoted employee with an individual outside the employee's protected class. See *Carlton v. Mystic Transp.*, Inc 201 F.3d 129, 135 (2d Cir.2000). I was not only replaced by a white ACS employee, 'Laura Postiglione,' and later, a younger co-worker, 'Stephanie Remawiritan.' I consequently suffered abuse and adverse employment actions because I opposed such business practices, though the defendants will argue that I was solely the cause of my own termination.  Defendant's, and ALJ 's determination to state that I was condescending about Supervisor's Ms. Postiglione's qualifications and abilities, and rude and disrespectful when asked to complete the simple tasks begs the question, why have an Equal Employment Opportunity Policy when I (one) can't even challenge these questions of personnel, nonetheless a supervisor's accountability.

Also, to prove the casual connection between the protected activity and adverse employment action, the protected activity was followed closely by discriminatory and disparate treatment, and or retaliatory animus directed against me by the defendants. In the retaliatory charges, the adverse employment action two weeks apart, from my protest show a direct inference in my race, age, and sex and obvious prejudicial and disparate treatment.  *Gordon v NYC Bd. Of Educ.*, 232 F.3d 111, 117 (2d Cir2000); *De la Cruz v NYC Human Res Admin Dept of Social Servs.*, 82 F.3d 16, 20 (2d Cir 1996); *Littlejohn v City of New York and ACS*, 795 F.3d 297 (2015);  *Zimmermann*, 251 F.3d at 381; *Soto v Schembri*, 960 F. Supp. 751, 759 (S.D.N.Y.1997) notes that the New York City Charter vests final policymaking authority with respect to personnel decisions, thus the defendant's doctrine of collateral estoppel does not apply here, and shows a continued ongoing hostile work environment.

I had originally been doing the work of three (3) workers, and managing the small department, while fighting ACS for the proper pay and Supervisor title. ACS refused to grant me salary parity, instead had to win them through labor arbitrations. See (**Exhibit C-Letter of Award**

**for Winning Out-of-Title Work through Arbitration).** This conditionally, added to a continuous

hostile work environment where I was coerced into doing above level work, and scrutinized for my

every move.

5. Answering Point five (5) 'of Defendant's Motion to Dismiss,' I have fully satisfied timely

service(s) of my complaint twice; once by certified mail-which the defendants willfully ignored, and

again, by process server. See **Docket sheet for timely process, and proof of service.** In addition, even

if my 30-day discipline without pay in 2013 and termination in 2016 may not be challenged under

federal law under the collateral estoppel doctrine, I should be allowed to pursue a claim of hostile work

environment and retaliation predicated on other acts.

I have adequately stated claims of for wrongful termination, through witch hunt and

defamation, hostile work environment, and discrimination based on race, age, religion, national origin

and retaliation through adverse employment actions. I am Asian, Chinese, yellow, female, over 40, and

religious. I was also qualified for the position, since (**Exhibit C- Award for Out of Title work**)

determined I was doing the work of higher grade level. The defendants already cited reasons why my

claims should be able to survive by their own case studies and legal arguments.  Additionally, the

defendants wanted more specific dates and details, as to my discrimination, hostile work environment

and on-going retaliation claim. *They are as follows:*

a) I was subjected to hostile environment that included disparate treatment throughout my

tenure at ACS. After I was terminated in September 2016, several ACS employees were demoted,

suspended, or terminated only after the news profiled the killing of a child that made front-page.

See **Exhibit D- Article https://nypost.com/2017/8/11/acs-was-right-to-punish-lawyers-in-zymere-**

**perkins-case-judge/;** See **Exhibit E- Article http://newyork.cbslocal.com/2016/12/13/zymere-**

**perkins-acs-report/;** See **Exhibit O- Article https://nypost.com/2017/04/18/acs-fired-me-for-**

**doing-my-job-suit.** This also warranted ACS to hire many outside consultants, and a state-run

independent monitor.

My disciplines, and adverse employment actions were harsh and over exaggerated, even

4

though I had provided great service to the agency, and commendations. In 2012, I was one of four

people who made it to work during Hurricane Sandy.

   b) I was subjected to ongoing hostile work environment where ACS technicians would cyber

harass and come repeatedly to my work station by not fixing my computer, and deny me of specialized

software and equipment since 2012-2016. After hundreds of computer service tickets, both my

computer(s)PC and Apple never adequately worked.  See **(Exhibit G: PC Hack; Exhibit H: Apple**

**Hack)**. As a specialist who needed specific tools, I was oppressed because the Supervisors did not

want me to succeed, and stay down. Instead, the technicians provided the best equipment to the

Supervisor, Laura Postiglione, the white woman who replaced me, and Stephanie Ramatiwiran, a

younger woman. This I know, because I was only able to produce work with my personal equipment

and on personal time.  I was constantly suffering from anxiety and depression for fear of being

threatened with discipline for not producing satisfactory work. To this day, 2018, my personal email:

(laurene.yu@gmail.com) has been blocked for communication throughout. See **(Exhibit I: Blocking of**

**my personal email record samples 1-4).**

### 1. BLOCKED EMAILS: MAY 7, 2018, 14:01:35

**Delivery has failed to these recipients or groups:**

Robins, Elizabeth (Law) (erobins@law.nyc.gov)
This message was rejected by the recipient e-mail system.
Please check the recipient's e-mail address and try resending this message, or contact the recipient directly.

The following organization rejected your message: csmail.nyc.gov

**Diagnostic information for administrators:**

Generating server: bb.nyc.gov

erobins@law.nyc.gov
csmail.nyc.gov #554 5.1.0 Sender denied ##

Original message headers:

Received: from vwa113.nyc.gov (167.153.132.11) by citymail2exedge.nycnet
(10.141.6.74) with Microsoft SMTP Server (TLS) id 14.3.382.0; Mon, 7 May 2018
14:01:35 -0400 Received-SPF: SoftFail (vwa113.nyc.gov: domain of
laurene.yu@gmail.com is inclined to not designate
209.155.212.152 as permitted sender) identity=mailfrom;
client-ip=209.155.212.152; receiver=vwa113.nyc.gov;    envelope-
from="laurene.yu@gmail.com";

   c) I was subjected to hostile work environment, and disparate treatment, as ACS denied me

getting money, opportunities, improvement and training for the Mayor's Graduate Scholarship Program,[1] that was open to any city employee. The Human Resources staff at ACS stated they "could not endorse me," despite the fact that the application did not need any endorsement from ACS. Because of that I was not even allowed to apply for any room to change my situation or even compete, or possibly bring pride to ACS. This scholarship showed my endeavor for self-improvement. Recipients have included NYC Police Officers with serious discipline records were given these opportunities and room for improvement.

      d) I was subjected to continuous hostile work environment included the staff at NYC ACS to deny me my any pay equity or promotions, since I had worked at Level I for eight (8) years, 2008-2016 and despite winning multiple labor grievances, See **(Exhibit C-Letter of Award for Winning Out-of-Title Work through Arbitration).** ACS never promoted me, despite my winning of (3) Out-of-Work Titles grievances, and thus sustaining I was not allowed Equal Protection because they refused to put me as equal.

      e) I was subjected to continuous-hostile work environment because I was forced to report to work in a warehouse in Carnasie, Brooklyn, with no suitable tasks, working resources, and relocation expenses. I lived 20 minute walking distance from City Hall area. As I mentioned, I was one of four (4) people who reported to work on Hurricane Sandy in 2012, and had no problems with reporting to work until they sent me to an opposite commute past sketchy areas.

      f) I was subjected to continuous hostile work environment while working in the Carnasie, Brooklyn site. My timesheets were altered by then Director of Employment Law, Susan Starker, Esq who changed my timesheet without my approval. *See Connolly v City of New York, Susan Starker, Joseph Cardieri, Esq. et al* (2016). Ms. Starker, was later demoted, only after the agency made

---

[1] **Mayors Scholarship: Eligibility**
be a full-time City government employee; have obtained an undergraduate degree from an accredited college/university <u>or</u> have completed your undergraduate degree by the Fall of the academic year for which you are applying (applicants already possessing a master's degree are eligible); remain a full-time City government employee throughout your course of study; meet the minimum scholarship requirements listed in the Scholarship Offering guide (e.g., The school may require that you be a new entrant to the institution.)

headline news, in which she challenged her demotion and wanted name-clearing, but had her case dismissed.

g) I was subjected to continuous hostile work environment included I was barred from taken training classes at the City-Wide Training Center at NYC Department of Citywide Administrative Services (DCAS). While I was sitting at the training, (that cost $200) I was singled out, embarrassed and pulled me out of a class where I was already registered, and already working in small groups. The small group attendees were shocked and dismayed that this was possible for a city employee.

h) I was subjected to continuous hostile work environment when I was escorted out of the building by security at 150 William Street, because they felt I was a danger to the rest of the staff.

i) I was subjected to continuous hostile work environment when a Chief of Staff, Kaytlin Simmons, Esq. falsely accused me of threatening her when I asked for one hour (1) overtime, and failed to sign my timesheet on-time as part of her administrative tasks. I asked her a business question, since she stated in addition to having a Juris Doctor, that she graduated from Columbia School of Business, with an MBA. My appeal and win for NYS Unemployment which was adjudicated by an NYS Administrative Law Judge stated there was no evidence of misconduct.

See **Exhibit J-NYS Unemployment Letter of Adjudication.**

> The FINDINGS OF FACT on hearing June 15, 2017 stated that was the employers second default, and deemed to have failed to appear at the hearing, yet still applied to reopen the decision.
>
> The loss of employment was not through misconduct.

j) I was subjected to hostile work environment and continued retaliation when I was blacklisted from being hired to other City Jobs. See **Exhibit K: Record of Application of City Jobs.** City of New York employs hundreds of thousands, in addition spending on hundreds of consultants.

k) I was subjected to hostile work environment and continued retaliation when I could not

even obtain a volunteer position with City Corps,[2] even after I passed a telephone screening. Even with the need for helping seniors and immigrants, I was denied. See **Exhibit L: Email and Application for City Corps.**

l) I was subjected to hostile work environment and continued retaliation through all the inflamed accusations, and frivolous hearings that caused me emotional distress with my personal and work life.  In a nice email addressed to Commissioner of NYC ACS, David Hansell, Esq. and Commissioner of NYC DCAS, Lisette Camillo, Esq. they refused to address my complaints. As I mentioned, my name and email Laurene.yu@gmail.com have been blocked and unnecessarily defamed, and soon after the emails blocked. See **(Exhibit M: Emails to DCAS Commissioner Lisette Camillo's Office, and ACS Commissioner, David Hansell).**

MY EMAIL FOR REINSTATMENT

On Fri, May 12, 2017 at 6:01 PM, Laurene Uy <laurene.yu@gmail.com> wrote:

Hi:

I was given your name to be reinstated because Civil Service Commission did not give me a reconsideration for termination appeal. I was a certified graphic artist, for 8 years at ACS; and I was dismissed as they stated "incompetent & misconduct" (which I don't even know what they could possibly mean after I received a merit increase). Their opinions- which I felt were rather heavy-handed--left me feeling vilified; as an immigrant, and a minority woman.

Please see the provisions **6.2.6.** attached.

Please contact me with any questions.

Thanks so much
Laurene Yu

**6.2.6. Reinstatement of Dismissed Employee.**

(a) An agency under the jurisdiction of the commissioner of citywide administrative services, upon written application for reinstatement by a person who was dismissed from a permanent competitive or labor class position in such agency, which sets forth the reasons for requesting an opportunity of making a further explanation, may consider such application. (b) If the agency shall determine that such application and explanation are meritorious, it may, in its

---

[2] **City Corps**, an AmeriCorps program launched in November 2015 by NYC Service, recruits a diverse group of corps members to serve full-time for 10 months at City agencies. City Service Corps is comprised of high-impact service projects led by city agencies in focus areas addressing critical capacity and community-related issues

discretion and with the approval of the commissioner of citywide administrative services, reinstate such person; provided however, that:

(1) such person shall be eligible for reinstatement for a period of one year only from the date of dismissal; and

(2) such person shall execute a prescribed waiver, in writing, with respect to claims for back pay, civil service rights and status for the period of the dismissal.

m) Because of the continuous hostile work environment, continued retaliation, and adverse employment actions, I was subjected to many constitutional violations.  Blocking of my emails, laurene.yu@gmail.com to City of New York, is a violation of my **First Amendment** right, 42 USC § 1983, denying me my basic rights of freedom of speech. In addition, the defendants lied and said that it was fixed recently. The defendants have blocked my email throughout City agencies, even at Corporate Counsel's Office; an office that I had no dealings with till now. See **(Exhibit N: Email from Corporate Counsel Elizabeth Robbins, Esq.)**

**EMAIL BLOCKED:**

On Fri, May 25, 2018 at 12:31 PM, <postmaster@bb.nyc.gov> wrote:

**Delivery has failed to these recipients or groups:**

Robins, Elizabeth (Law) (erobins@law.nyc.gov)
This message was rejected by the recipient e-mail system. Please check the recipient's e-mail address and try resending this message, or contact the recipient directly.

The following organization rejected your message: csmail.nyc.gov.

**Diagnostic information for administrators:**
Generating server: bb.nyc.gov

erobins@law.nyc.gov
csmail.nyc.gov #554 5.1.0 Sender denied ##

Original message headers:

Received: from vwall5.nyc.gov (161.185.2.31) by citymail1exedge.nycnet (10.141.6.73) with Microsoft SMTP Server (TLS) id 14.3.352.0; Fri, 25 May  2018 12:31:35 -0400 Received-SPF: SoftFail (vwall5.nyc.gov: domain of  laurene.yu@gmail.com is inclined to not designate

**DEFENDANT'S ANSWER:**

On May 7, 2018, at 1:07 PM, Robins, Elizabeth (Law) <erobins@law.nyc.gov> wrote:

9

Dear Ms. Yu:
This morning I received confirmation that any issue regarding e-mails coming
from Laurene.yu@gmail.com has been resolved – please let me know if there are any issues
going forward.

Yes, I am fine with consenting to additional time for your response. How much time are you
requesting?

Sincerely,
Elizabeth Robins

The **First Amendment** right to criticize public officials is well-established and supported by ample

caselaw; a public official's retaliation against an individual exercising my First Amendment rights is a

violation and retaliation of § 1983.

n) Because of the continuous hostile work environment, continued retaliation, and adverse

employment actions, from 2012 to ongoing, I was subjected to violation of my **Fourteenth**

**Amendment** right of 42 USC

§ 1983 of The Equal Protection Clause and Due Process. My background and supporting facts

showcase conspiracy of personnel, and management; and hostile work environment with a

discriminatory animus towards me. At first glance, the defendant's will argue that due process, and

equal protection, was given, but in reality, the defendant's rubber stamped, and predetermined the

outcome is one-sided since all of my complaint's dismissed in its entirety.

In March 2016, prior to my termination, I filled out a standard workplace violence form,

against former Supervisors, Laura Postiglione 'Ms. Postiglione;' Kaytlin Simmons, Esq 'Ms.

Simmons;' and Susan Hochberg, Esq. 'Ms. Hochberg.' There was no investigation, towards any of my

complaints of workplace harassment.

In late August 2016, I went to NYC Department of Investigation (D.O.I.) to report abuse,

waste and mismanagement, and I was called in from the Carnasie warehouse, terminated and escorted

out of the building two days later.

In September 2016, and January 2017, the defendant's concluded that I had loss my job due

to misconduct, but the NYS Unemployment ALJ stated that there was no misconduct.

Poor public opinion of the defunct agency Administration for Children Services, 'ACS', and City of New York, have been well documented and continue to plague this agency. *Monell v Dept of Social Services*, 436 U.S. 658 (1976). See *Segal v City of New York*, 459 F. 3d 207, 219 (2d Cur. 2006)) Monell does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." See *Wapniak v City of New York, Administration for Children Services (ACS)*, et al. (2017) p5.  Actions of the 'group of defendants' politicized staff positions, scrutinized petty incidents, and minimized their own failed policies. Supporting documents include See (**Exhibits C,D,E,O**) document a very dysfunctional agency, well-known internationally. Additionally, City-Wide EEO policy is for all employees and public to see on the internet and

http://www.nyc.gov/html/dcas/downloads/pdf/misc/about_eeo_booklet.pdf.

o) Because of the continuous hostile work environment, from 2012 to ongoing, I was subjected to violation of my **Seventh Amendment** right to the United States Constitution is part of the Bill of Rights. This amendment codifies the right to a jury trial in certain civil cases and inhibits courts from overturning a jury's findings of fact.

Even if I can not argue a federal claim in terms of discrimination or termination, the mere forces collectively of all the ineptness of city workers, and city attorneys despite my self-attempts to lift myself, ask for transfers, self-improve, self-educate, self-promote, should question whether all the battles were in my job description and still survive this very hostile work situation, one-sided, prejudice directed towards me.

CONCLUSION

WHEREFORE, I, Plaintiff, would like to respectfully request that this Honorable Court deny Defendant's motion to dismiss. My pervasive complaints of discrimination, retaliation, wrongful termination and defamation and use of unfettered abuse of power by 'group of defendants' damaged my opportunities by continually defaming me, punishing me through disdain, political witch hunt, and with means of malicious intent and prosecution.  I have done nothing but work to the best of my ability, asserted my rights, with limited resources, and limited opportunities, and tried to leave the city better than it was before. I do not talk, act, communicate, nor behave in anyway shape or form as they have demonized me to be.


Respectfully submitted,


BY: Laurene Yu,
335 East 14th, #52
New York, NY 10009
PRO SE Plaintiff
Laurene.yu@gmail.com
(917)592-5889


Laurene Yu


DATED: New York, NY
May, 29 2018

# Exhibit A:
# EEOC Original Charge of Discrimination

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office – INTAKE
### 33 Whitehall Street, 5th Floor
### New York, NY 10004



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

JUL 2 6 2017

**DATE RECEIVED**

This agency enforces the laws against discrimination in employment based on **race, color, religion, national origin, age, sex, disability, or genetic information.** The event you are complaining about must have occurred **within a maximum of 300 days** of the filing of a charge. Our jurisdiction covers public and private employers with **15 or more employees (20 or more employees for age complaints),** labor unions, and employment agencies located in New York State south of Albany. If you work for the **Federal Government,** you must first contact your agency's Equal Employment Office in order to file a complaint.

To better serve your interest and avoid delays in processing your complaint, please answer the following questions:

NAME: ___Laurene Yu___

TEL. NO. WHERE WE CAN CONTACT YOU: ___(917) 592-5889___

**A. What was the Latest or Most Recent Date of discrimination which you are alleging?**
___on-going___

**B. Does your employer have fewer than 15 employees (20 for age complaints)?**
Yes___✓___ No_____ How many employees? _____

**C. Have you filed a complaint with another agency (such as the New York State Division of Human Rights or the New York City Commission on Human Rights?**
Yes___✓___ No _____

If Yes, Name of agency and date of filing:
___EEOC, NYSHR___

**D. Do you work for a Federal Government Agency (Such as the U.S. Postal Service?**
Yes_____ No___✓___

***IF YOU ANSWERED YES TO ANY OF THE ABOVE QUESTIONS, PLEASE SEE THE RECEPTIONIST, AS THE EEOC MAY NOT HAVE JURISDICTION OVER YOUR CLAIMS**

If you answered NO to the above questions, please fill out the questionnaire and return it the receptionist, who will give you further instructions about our procedures.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

**1. Personal Information**

Last Name: Yu     First Name: Laurene     MI:

Street or Mailing Address: 80 First Avenue     Apt or Unit #: 13E

City: NYC     County:     State: NY     Zip: 10009

Phone Numbers: Home: (___)     Work: (___)

Cell: (917) 592 5889     Email Address: laurene.yu@gmail.com

Date of Birth: 10 16 70     Sex: ☐ Male ☑ Female     Do You Have a Disability? ☐ Yes ☐ No

**Please answer each of the next three questions.** i. Are you Hispanic or Latino? ☐ Yes ☐ No

ii. What is your Race?   Please choose all that apply. ☐ American Indian or Alaskan Native ☑ Asian ☐ White

☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)?

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name:     Relationship:

Address:     City:     State:     Zip Code:

Home Phone: (___)     Other Phone: (___)

**2. I believe that I was discriminated against by the following organization(s):  (Check those that apply)**

☑ Employer ☑ Union ☐ Employment Agency ☐ Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here__ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: City of New York & Administration for Children Services, Civil Service Commission

Address:     County:

City:     State:     Zip:     Phone: (___)

Type of Business:     Job Location if different from Org. Address:

Human Resources Director or Owner Name:     Phone: (___)

**Number of Employees in the Organization at All Locations: Please Check (✓) One**

☐ Fewer Than 15 ☐ 15 – 100 ☐ 101 – 200 ☐ 201 – 500 ☑ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** ☐ Yes ☑ No

Date Hired:     Job Title At Hire:

Pay Rate When Hired:     Last or Current Pay Rate: $51,200

Job Title at Time of Alleged Discrimination: Special Assistant / Graphic Artist / Community     Date Quit/Discharged: 9-13-2016

Name and Title of Immediate Supervisor: Kaytlin Yukeisha Simmons, ESQ

Andre L. Brown

1

If Job Applicant, Date You Applied for Job ___7-___     Job Title Applied For ___Community Coordinator / Digital Associate / Employee___

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☑ Race  ☐ Sex  ☑ Age  ☐ Disability  ☑ National Origin  ☐ Religion  ☑ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved:  i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information?_____

_____

Other reason (basis) for discrimination (Explain): _____

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

**A. Date:** _7-     2016_  **Action:** _Not hired / Blacklist_

_____

**Name and Title of Person(s) Responsible:** _____

**B. Date:** _____  **Action:** _____

**Name and Title of Person(s) Responsible** _____

**6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.**

_____

_____

**7. What reason(s) were given to you for the acts you consider discriminatory?  By whom?  His or Her Job Title?**

_Malicious persecution / false charges, didnt do investigation ; no security / protection_

_____

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance?  Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination.  For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.  Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, sex, age, national origin, religion or disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. Kaytlin Yukeisha Simmons | | Chief of Staff | |
| B. Andre L. Brown | | Assistant Commissioner | |

2

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**

| Full Name | Race, sex, age, national origin, religion or disability | Job Title | Description of Treatment |

A._____

_____

B._____

_____

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

| Full Name | Race, sex, age, national origin, religion or disability | Job Title | Description of Treatment |

A._____

_____

B._____

_____

**Answer questions 9-12 only if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.**

**9. Please check all that apply:**
☐ Yes, I have a disability
☐ I do not have a disability now but I did have one
☐ No disability but the organization treats me as if I am disabled

**10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything?** (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_____
_____
_____

**11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?**
☐ Yes ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?

_____
_____

**12. Did you ask your employer for any changes or assistance to do your job because of your disability?**
☐ Yes ☐ No

If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____

Who did you ask? (Provide full name and job title of person)

_____

Describe the changes or assistance that you asked for: _____

_____
_____

How did your employer respond to your request? _____

_____

3

**13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |

A._____

_____

B._____

_____

**14. Have you filed a charge previously on this matter with the EEOC or another agency?** ☐ Yes ☐ No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** _____

_____

**16. Have you sought help about this situation from a union, an attorney, or any other source?** ☐ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_____

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.**

**BOX 1** ___ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

**BOX 2** ✓ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____          7-25-17
            **Signature**                    **Today's Date**

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 USC § 2000e-5(b), 29 USC § 211, 29 USC § 626, 42 USC §12117(a), 42 USC §2000ff-6.
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

4

# Exhibit B: 2002 EEO Memo for Inappropriate Behavior in Workplace towards Asians



MEMORANDUM

To:        ALL STAFF - At 150 William Street

From:      Mary Ann Salley

Date:      June 24, 2002

Re:        INAPPROPRIATE BEHAVIOR IN THE WORKPLACE

It was recently brought to the attention of this office that male staff members of
calling and making disparaging remarks to bypassing females. Additionally, th
spoke in a mimicking offensive dialect toward Asian pedestrians who were pa
This type of behavior was offensive to other employees and non-employees,
embarrassing to this Agency.

This memo is a reminder, to all ACS employees regarding mandated compli
of Conduct and Equal Employment Opportunity Policies, Title VII of the Civ
as well as Federal, State and City Laws that prohibit inappropriate behavior i
has "Zero Tolerance" for violations of these statues.

Please remember everyone is accountable for appropriate behavior on and o
The guidelines of the Sexual Harassment Policy Statement pertain to behav
off the premises especially when it involves New York City employees. Th
Conduct and the ACS EEO Policies requires you to be accountable for you

Reports of any reoccurring incidents as the aforementioned, will be subjec
contingent upon a formal EEO investigation.

11

# Exhibit C:
## Arbitration Award for Labor Disputes

American Federation of State, County & Municipal Employees, AFL-CIO

123 BARCLAY STREET • NEW YORK, NY 10007-2179

**LEGAL DEPARTMENT**

**District Council 37**

Telephone: 212-815-1450
Fax: 212-815-1440

August 7, 2012

MARY J. O'CONNELL
  *General Counsel*

ROBIN ROACH
  *Associate General Counsel*

STEVEN E. SYKES
  *Senior Assistant General Counsel*

*Assistant General Counsel*
  Alan M. Brown
  Thomas Cooke
  Jesse Gribben
  Dena Klein
  Erica Gray-Nelson
  Meaghean Murphy
  Ximena Naranjo
  Aaron S. Amaral
  Deena S. Mikhail

*Award #3*

BY FIRST CLASS MAIL

Laurene Yu
432 East 14th St., #7
New York, NY 10007

> Re:   **Arbitration Decision and Award**
>        **ACS, L. 375 (Exp., Out-of-Title)**
>        **A-14088-11**

Dear Ms. Yu:

As we discussed yesterday, enclosed please find a copy of the arbitrator's decision and award in the out-of-title grievance filed on your behalf. The arbitrator sustained the grievance, in part, finding that you were performing out-of-title duties consistent with those of a Graphic Artist Level II for the period of January 2011 until the end of June 2011. As such, you are to receive the difference in pay between that of your salary as a Graphic Artist Level I and the salary of a Graphic Artist Level II for such 6-month period.

You should receive the backpay award within 4-6 weeks. If you have any questions, please do not hesitate to contact me at (212) 815-1450.

Very truly yours,

Dena Klein

cc:   M. Rosenberg, N. Brooker, M. Anderson, E. Mora, M.J. O'Connell





**Administration for Children's Services**

ADMINISTRATION FOR CHILDREN'S SERVICES
Division of Legal Services/Office of Labor Relations
150 William Street, 15" Floor
New York, New York 10038

JOHN B. MATTINGLY
*Commissioner*

JOSEPH CARDIERI
*General Counsel and
Deputy Commissioner*

ERIC AMBROSE
*Director
Office of Labor Relations*

DATE:   JUL 3 0 2010

TO:   Laurene Yu                                    ID# 1100701
      Graphic Artist I
      Administrative Services
      150 William Street-14" Floor

FROM:   Eric Ambrose, Director
        Office of Labor Relations
        By: Elliott Sussman, Hearing Officer Consultant

SUBJ:   <u>**DETERMINATION OF GRIEVANCE STEP II – 10/02-0001**</u>

<u>GRIEVANCE</u>: Grievant filed a Step I grievance 1/21/10, alleging assignment to the position and duties of a Graphic Artist II during the period 4/28/08 through the present.

Grievant requests remuneration appropriate to a Graphic Artist II, retroactively from 4/28/08 to the present.

<u>DISCUSSION/DETERMINATION</u>:  We have been advised by Administrative Services that the grievant had been assigned to the position and duties of a Graphic Artist II from 1/21/10 through 6/4/10, and whose duties included:

- Produce various publication materials using existing templates.

- Assist program areas in the preparation of informational displays and exhibits of pictures using existing forms.

- Print business cards and back-drops for various program areas.

- Redesign maps pamphlets, posters and certificates for a variety of events using existing templates.

- Produce posters and pamphlets in black, white and color reproductions for display in buildings.



Division of Legal Services/ Office of Labor Relations
150 William Street, 15th Floor
New York, New York 10038

Administration for
Children's Services

JOHN B. MATTINGLY
*Commissioner*

JOSEPH CARDIERI
*General Counsel and*
*Deputy Commissioner*

ERIC AMBROSE
*Director*
*Office of Labor Relations*

## REVISED

**DATE:**  DEC 16 2010

**TO:**  Laurene Yu, Graphic Artist I                                    ID# 1100701
Administrative Services-150 William Street-14th Floor

**FROM:**  Eric Ambrose, Director
Office of Labor Relations
By: Elliott Sussman, Hearing Officer/Consultant

**SUBJ:**  <u>**DETERMINATION OF GRIEVANCE STEP II – 10/02-0001**</u>

<u>**GRIEVANCE:**</u> Grievant filed a Step I grievance 1/21/10, alleging assignment to the position
and duties of a Graphic Artist II during the period 4/28/08 through the present.

Grievant requests remuneration appropriate to a Graphic Artist II, retroactively from 4/28/08 to
the present.

<u>**DISCUSSION/DETERMINATION:**</u>  We have been advised by Administrative Services that the
grievant had been assigned to the position and duties of a Graphic Artist II from 1/21/10 through
8/20/10.

After a review of the information/documentation provided by Administrative Services with a comparison
of the Job Specifications for Graphic Artists II's, it is determined that grievant's duties were consistent
with those outlined for Graphic Artist II. Therefore, the grievant's claim to additional compensation for
out-of-title work has been deemed valid beginning 1/21/10, the date the Step I grievance was filed.

As a result, it is hereby ordered that compensation be provided in an amount equal to the difference
between the annual salary of a Graphic Artist I and that of a Graphic Artist II from 8/22/10 through
10/2/10, the date grievant ceased performing that function.

APPROVED:

Eric Ambrose
Director

ES/lr

The image covers the top-left NYC logo.



ADMINISTRATION FOR CHILDREN'S SERVICES
Division of Legal Services / Office of Labor Relations
150 William Street, 15th Floor
New York, New York 10038

**Administration for Children's Services**

**JOHN B. MATTINGLY**
*Commissioner*

**JOSEPH CARDIERI**
*General Counsel and*
*Deputy Commissioner*

**ERIC AMBROSE**
*Director*
*Office of Labor Relations*

( REVISED )

DATE: AUG 19 2010

TO: Laurene Yu, Graphic Artist I
Administrative Services-150 William Street-14th Floor

ID# 1100701

FROM: Eric Ambrose, Director
Office of Labor Relations
By: Elliott Sussman, Hearing Officer/Consultant

SUBJ: **DETERMINATION OF GRIEVANCE STEP II – 10/02-0001**

**GRIEVANCE:** Grievant filed a Step I grievance 1/21/10, alleging assignment to the position and duties of a Graphic Artist II during the period 4/28/08 through the present.

Grievant requests remuneration appropriate to a Graphic Artist II, retroactively from 4/28/08 to the present.

**DISCUSSION/DETERMINATION:** We have been advised by Administrative Services that the grievant had been assigned to the position and duties of a Graphic Artist II from 1/21/10 through 8/20/10.

After a review of the information/documentation provided by Administrative Services with a comparison of the Job Specifications for Graphic Artists II's, it is determined that grievant's duties were consistent with those outlined for Graphic Artist II. Therefore, the grievant's claim to additional compensation for out-of-title work has been deemed valid beginning 1/21/10, the date the Step I grievance was filed. The grievant will be assigned to the Graphic Artist I responsibilities beginning 8/23/10.

As a result, it is hereby ordered that compensation be provided in an amount equal to the difference between the annual salary of a Graphic Artist I and that of a Graphic Artist II from 1/21/10 through 8/20/10.

APPROVED:

Eric Ambrose
Director

ES/lr

# Exhibit D: ARTICLE

## https://nypost.com/2017/08/11/acs-was-right-to-punish-lawyers-in-zymere-perkins-case-judge/

Two employees of the city's Administration for Children's Services don't deserve to have their names cleared in the death of a 6-year-old Zymere Perkins, who was fatally bludgeoned with a broomstick while under ACS's care, a judge ruled Friday.

ACS was right to punish lawyers Susan Starker and Lee Gordon for their role in the case, Manhattan Supreme Court Judge Manuel Mendez ruled on Friday.

Mendez rejected their request for a "name-clearing hearing" and dismissed their lawsuit against the city.

In the aftermath of the September 2016 death, it emerged that Zymere had been beaten repeatedly in the previous months.

Starker and Gordon were among the ACS employees punished, suffering demotions and 30-day suspensions without pay.

They later sued the city claiming they were picked on for observing Rosh Hashanah following Zymere's death, which made them unavailable for questions.

Mendez ruled that Starker and Gordon were punished because they allowed the boy's caseworker, Nitza Sutton, to return to work on his case despite knowing she had falsified documents.

They should have alerted the city's Department of Investigation, which could have brought charges against Sutton for incompetence, the judge said. Instead, "Sutton subsequently returned to her full duty, and resumed responsibility over the file of the young boy," the judge said.

Geraldine Perkins, Zymere's mom, and her boyfriend, Rysheim Smith, have been charged with manslaughter.

13

# Exhibit E: ARTICLE

http://newyork.cbslocal.com/2016/12/13/zymere-perkins-acs-report/

## Three ACS Employees Fired, Independent Monitor Ordered After Probe Of Zymere Perkins Case

**NEW YORK (CBSNewYork)** — Three New York City Administration of Children and Family Services workers were fired Tuesday, and the city accepted a state order for an independent monitor, after a scathing report on the agency's handling of the death of a 6-year-old Harlem boy.

As CBS2's Valerie Castro reported, the report issued by the state Office of Children and Family Services detailed five complaints of abuse and neglect that ACS investigated involving Zymere Perkins, 6. It followed a report on the investigation that was issued by ACS itself. (continued)

# Exhibit F: Article

https://www.nytimes.com/2018/03/29/nyregion/how-new-yorks-child-welfare-chief-is-trying-to-fix-his-agencys-image.html

## How New York's Child Welfare Chief Is Trying to Fix His Agency's Image

Contending with the reputation that flows from such failures, and from the role the agency plays in removing at-risk children from their homes, often compounds the challenges the agency faces. Families can be less inclined to trust the agency's workers, and politicians can be less forthcoming with the funding the agency may need.

Mr. Hansell knows the agency has scant room for error, and that it is often perceived as intimidating, incompetent, or both. "I think a lot about what incredible power the agency has, the power to separate a family and to take a child away, and how you have to make sure you're using that power for good and not for ill," Mr. Hansell said.

Under Mr. Hansell the agency has increased training, and it has added 600 new child protective workers since September, with another 400 set to come on board by the end of June. The agency has also expanded the duties of investigators, retired police detectives who generally research the backgrounds of families and go out on high-risk cases that involve domestic violence and children under 7.

Mr. Hansell already has drawn criticism from outside child-welfare experts who fault him for a 13 percent rise in children removed from their homes and placed in foster care. He said that increase corresponded with an increase in reports following a succession of children's deaths in 2016.

And he has to manage an ethics conflict stemming from his last job, as a managing director at the consulting firm KPMG, where he was in charge of the social services arm. KPMG has $2 million in contracts with the Administration for Children's Services, to work on some of the agency's juvenile justice efforts. When he joined the agency, he sent a letter to the chief contracting officer recusing himself from any financial decisions dealings with KPMG.

The child welfare job has long been one of the hotter seats in city government, and that ended up being true for Mr. Hansell's predecessor, Gladys Carrión. Facing fierce criticism, she announced her retirement in December 2016 after the deaths of two children that illuminated understaffing, poor training of workers and lapses in child protection investigations.

15

# Exhibit G: PC ERRORS, HACK



# Exhibit H: MAC ERRORS, HACK







# Exhibit I: Samples 1-4

## 1. BLOCKED EMAILS: MAY 7, 2018, 14:01:35

**Delivery has failed to these recipients or groups:**

Robins, Elizabeth (Law) (erobins@law.nyc.gov)
This message was rejected by the recipient e-mail system.
Please check the recipient's e-mail address and try resending this message, or contact the recipient directly.

The following organization rejected your message: csmail.nyc.gov

**Diagnostic information for administrators:**

Generating server: bb.nyc.gov

erobins@law.nyc.gov
csmail.nyc.gov #554 5.1.0 Sender denied ##

Original message headers:

```
Received: from vwall3.nyc.gov (167.153.132.11) by citymail2exedge.nycnet
(10.141.6.74) with Microsoft SMTP Server (TLS) id 14.3.352.0; Mon, 7 May 2018
14:01:35 -0400 Received-SPF: SoftFail (vwall3.nyc.gov: domain of
laurene.yu@gmail.com is inclined to not designate
209.135.212.132 as permitted sender) identity=mailfrom;
client-ip=209.135.212.132; receiver=vwall3.nyc.gov;    envelope-from="laurene.yu@gmail.com";
```

## 2. BLOCKED EMAILS: MAY 7, 2018, 10:38AM
## Had to create new email laureneyu2017@gmail.com

**Robins, Elizabeth (Law)**
to Laurene, me

Dear Ms. Yu:

This morning I received confirmation that any issue regarding e-mails coming from Laurene.yu@gmail.com has been resolved –
please let me know if there are any issues going forward.

Yes, I am fine with consenting to additional time for your response.  How much time are you requesting?

Sincerely,

Elizabeth Robins

**From:** laurene Y [mailto:laureneyu2017@gmail.com]
**Sent:** Monday, May 07, 2018 10:39 AM
**To:** Robins, Elizabeth (Law)
**Subject:** Answer to motion to dismiss

Good morning ms.Robbins.

Just wondering if i can have extension of time to answer motion.
According to local civil rule 6.1, it's 14 days.

Thank you.
Laurene yu

## 3. BLOCKED EMAILS: April 24, 2018, 10:23:11

18

**Delivery has failed to these recipients or groups:**

Robins, Elizabeth (Law) (erobins@law.nyc.gov)
This message was rejected by the recipient e-mail system. Please check the recipient's e-mail address and try resending this message, or contact the reci

The following organization rejected your message: csmail.nyc.gov.

**Diagnostic information for administrators:** Generating server: bb.nyc.gov

erobins@law.nyc.gov
csmail.nyc.gov #554 5.1.0 Sender denied ##

Original message headers:

```
Received: from vwall8.nyc.gov (161.185.2.61) by citymail2exedge.nycnet
 (10.141.6.74) with Microsoft SMTP Server (TLS) id 14.3.352.0; Tue, 24 Apr
2018 10:23:11 -0400
Received-SPF: SoftFail (vwall8.nyc.gov: domain of
 laurene.yu@gmail.com is inclined to not designate
 209.135.212.132 as permitted sender) identity=mailfrom;
 client-ip=209.135.212.132; receiver=vwall8.nyc.gov;
 envelope-from="laurene.yu@gmail.com";
```

# 4. BLOCKED EMAILS: April 23, 2018; 23:20:10

**postmaster@bb.nyc.gov**

to laurene.yu@gmail.com

**Delivery has failed to these recipients or groups:**

Robins, Elizabeth (Law) (erobins@law.nyc.gov)
This message was rejected by the recipient e-mail system. Please check the recipient's e-mail address and try resending this message, or contact the recipient directly.

The following organization rejected your message: csmail.nyc.gov.

**Diagnostic information for administrators:**

Generating server: bb.nyc.gov

erobins@law.nyc.gov
csmail.nyc.gov #554 5.1.0 Sender denied ##

Original message headers:

Received: from vwall8.nyc.gov (161.185.2.61) by citymail2exedge.nycnet (10.141.6.74) with Microsoft SMTP Server (TLS) id 14.3.352.0; Mon, 23 Apr 2018 23:20:10 -0400 Received-SPF: SoftFail (vwall8.nyc.gov: domain of laurene.yu@gmail.com is inclined to not designate 209.135.212.132 as permitted sender) identity=mailfrom; client-ip=209.135.212.132; receiver=vwall8.nyc.gov; envelope-from="laurene.yu@gmail.com"; x-sender="laurene.yu@gmail.com"; x-conformance=spf_only; x-record-type="v=spf1" Received-SPF: None (vwall8.nyc.gov: no sender authenticity information available from domain of postmaster@mx.us.email.fireeyecloud.com) identity=helo; client-ip=209.135.212.132; receiver=vwall8.nyc.gov; envelope-from="laurene.yu@gmail.com"; x-sender="postmaster@mx.us.email.fireeyecloud.com"; x-conformance=spf_only X-IronPort-Anti-Spam-Filtered: true X-IronPort-Anti-Spam-Result:

# Exhibit J:

# NYS UNEMPLOYMENT ADJUDICATION

STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
ADMINISTRATIVE LAW JUDGE SECTION
UI Appeal Board, ALJ SECTION
TROY ATRIUM 2ND FL. SUITE 2005 49 4TH ST.
TROY NY 12180
(518) 402-0210
FAX:(518) 402-0196

JAYSON S. MYERS
CHIEF ADMINISTRATIVE LAW JUDGE
TERESA A. DEMEO
CHRISTOPHER M. TATE
MATTHEW J. TIERNEY
PRINCIPAL ADMINISTRATIVE LAW JUDGE

JOHN F. MULLER
CAROL S. JOHNSON
SENIOR ADMINISTRATIVE LAW JUDGE

*DECISION AND NOTICE OF DECISION*
*DECISIÓN Y AVISO DE LA DECISIÓN TOMADA*

A.L.J. Case No. 017-17739

Mailed and Filed: September 18, 2017

IN THE MATTER OF:

LAURENE YU
80 1ST AVE APT 13E
NEW YORK NY 10009-6331

THE CITY OF NEW YORK
DEPT OF DCAP
1 CENTRE ST RM 2180
NEW YORK NY 10007-1602

Department of Labor Office: 831

Hearing Requested: June 15, 2017

PLEASE TAKE NOTICE that this decision has been duly mailed on the date listed above. If you appeared at the hearing and are not satisfied with this decision, you may appeal within TWENTY DAYS from the date this decision was mailed. READ IMPORTANT INFORMATION ON REVERSE SIDE REGARDING YOUR RIGHT TO APPEAL. Any party who failed to appear at the hearing has the right to apply to reopen the case. For the application to be granted, the party must apply within a reasonable time and must establish good cause for its failure to appear.

POR FAVOR TOME NOTA: esta decisión ha sido debidamente enviada por correo en la fecha que aparece arriba. Si usted asistió a la audiencia y no está satisfecho con la decisión, puede apelar dentro de VEINTE DIAS contados a partir de la fecha en que esta decisión fue enviada por correo. LEA LA INFORMACIÓN IMPORTANTE AL REVERSO SOBRE SUS DERECHOS DE APELACIÓN. Cualquiera de las partes que falle en comparecer a la audiencia, tiene el derecho de solicitar que se reabra su caso. Para que dicha solicitud sea otorgada, la parte interesada debe solicitarlo dentro de un período de tiempo razonable y debe establecer buena causa por no haber comparecido a la audiencia.

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

ISSUES:  Loss of employment through misconduct.
Forfeiture of future benefits due to willful false statement or misrepresentation.
Overpayment of benefits.
Employer's Application to Reopen Case No. 016-07659.
Monetary penalty due to willful false statement or misrepresentation.

**EMPLOYER SECOND DEFAULT - CLAIMANT'S CASE**

FINDINGS OF FACT: The claimant requested a hearing. A hearing was held at which testimony was taken. The employer was present but was not prepared to proceed and, therefore, the employer is deemed to have failed to appear at the hearing. By decision of the Administrative Law Judge (A.L.J. Case No. 016-07659), the initial determinations were overruled. The employer applied to reopen that decision.

AB 665-0 (10/06)

A hearing was scheduled. The employer contacted the Administrative Law Judge hearing section in advance of the hearing and notified the hearing section that the employer was not going to appear for the hearing. Following the employer's notification, the hearing section contacted the claimant and notified the claimant not to appear.

OPINION: Based upon a review of the record and evidence herein, the employer is held in default because the employer failed to appear at the requested hearing.

DECISION: The employer's application to reopen the decision of the Administrative Law Judge is denied. That decision continues in effect.

The initial determinations are overruled. The claimant is allowed benefits.

TO THE EMPLOYER:
YOU HAVE NOT APPEARED AT TWO SCHEDULED HEARINGS. ANY FURTHER REQUEST FOR REOPENING MUST BE MADE TO THE APPEAL BOARD. A request to reopen must be made in writing and sent by fax to (518) 402-6208 or by mail to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, NY 12212-5126. The request must include the case numbers that you are requesting to reopen and an explanation of the reason for the failure to appear at both hearings. Attach any documentation that supports your reason. You will be granted another hearing only if the Board determines, based upon its review of the case file, that your failure to appear or proceed at both prior hearings was for good cause or if in its discretion the Board orders another hearing to consider that question.

/s/ Osa Iyinbo
_____
**Administrative Law Judge**

STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
ADMINISTRATIVE LAW JUDGE SECTION
UI Appeal Board, ALJ SECTION
TROY ATRIUM 2ND FL. SUITE 2005 49 4TH ST.
TROY NY 12180
(518) 402-0210
FAX:(518) 402-0196

JAYSON S. MYERS
CHIEF ADMINISTRATIVE LAW JUDGE
TERESA A. DEMEO
CHRISTOPHER M. TATE
MATTHEW J. TIERNEY
PRINCIPAL ADMINISTRATIVE LAW JUDGE

JOHN F. MULLER
CAROL S. JOHNSON
SENIOR ADMINISTRATIVE LAW JUDGE

*DECISION AND NOTICE OF DECISION*
*DECISIÓN Y AVISO DE LA DECISIÓN TOMADA*

A.L.J. Case No. 017-17739

Mailed and Filed: September 18, 2017

IN THE MATTER OF:

LAURENE YU
80 1ST AVE APT 13E
NEW YORK NY 10009-6331

THE CITY OF NEW YORK
DEPT OF DCAP
1 CENTRE ST  RM  2180
NEW YORK NY 10007-1602

Department of Labor Office: 831

Hearing Requested: June 15, 2017

PLEASE TAKE NOTICE that this decision has been duly mailed on the date listed above. If you appeared at the hearing and are not satisfied with this decision, you may appeal within TWENTY DAYS from the date this decision was mailed. READ IMPORTANT INFORMATION ON REVERSE SIDE REGARDING YOUR RIGHT TO APPEAL. Any party who failed to appear at the hearing has the right to apply to reopen the case. For the application to be granted, the party must apply within a reasonable time and must establish good cause for its failure to appear.

POR FAVOR TOME NOTA: esta decisión ha sido debidamente enviada por correo en la fecha que aparece arriba. Si usted asistió a la audiencia y no está satisfecho con la decisión, puede apelar dentro de VEINTE DÍAS contados a partir de la fecha en que esta decisión fue enviada por correo. LEA LA INFORMACIÓN IMPORTANTE AL REVERSO SOBRE SUS DERECHOS DE APELACIÓN. Cualquiera de las partes que falle en comparecer a la audiencia, tiene el derecho de solicitar que se reabra su caso. Para que dicha solicitud sea otorgada, la parte interesada debe solicitarlo dentro de un período de tiempo razonable y debe establecer buena causa por no haber comparecido a la audiencia.

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

ISSUES:     Loss of employment through misconduct.
            Forfeiture of future benefits due to willful false statement or misrepresentation.
            Overpayment of benefits.
            Employer's Application to Reopen Case No. 016-07659.
            Monetary penalty due to willful false statement or misrepresentation.

**EMPLOYER SECOND DEFAULT - CLAIMANT'S CASE**

FINDINGS OF FACT: The claimant requested a hearing. A hearing was held at which testimony was taken. The employer was present but was not prepared to proceed and, therefore, the employer is deemed to have failed to appear at the hearing. By decision of the Administrative Law Judge (A.L.J. Case No. 016-07659), the initial determinations were overruled. The employer applied to reopen that decision.

AB 665-0 (10/06)

A hearing was scheduled. The employer contacted the Administrative Law Judge hearing section in advance of the hearing and notified the hearing section that the employer was not going to appear for the hearing. Following the employer's notification, the hearing section contacted the claimant and notified the claimant not to appear.

OPINION: Based upon a review of the record and evidence herein, the employer is held in default because the employer failed to appear at the requested hearing.

DECISION: The employer's application to reopen the decision of the Administrative Law Judge is denied. That decision continues in effect.

The initial determinations are overruled. The claimant is allowed benefits.


TO THE EMPLOYER:
YOU HAVE NOT APPEARED AT TWO SCHEDULED HEARINGS. ANY FURTHER REQUEST FOR REOPENING MUST BE MADE TO THE APPEAL BOARD. A request to reopen must be made in writing and sent by fax to (518) 402-6208 or by mail to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, NY 12212-5126. The request must include the case numbers that you are requesting to reopen and an explanation of the reason for the failure to appear at both hearings. Attach any documentation that supports your reason. You will be granted another hearing only if the Board determines, based upon its review of the case file, that your failure to appear or proceed at both prior hearings was for good cause or if in its discretion the Board orders another hearing to consider that question.

/s/ Osa Iyinbo
_____
**Administrative Law Judge**

# Exhibit K: MY CITY JOBS APPLICATION RECORD Pg 1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/06/2017 11:56AM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/06/2017 5:28PM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/06/2017 5:34PM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/08/2017 11:07AM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/08/2017 11:16AM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Applied | Not Hired | 11/08/2017 11:43AM | 11/08/2017 11:43AM |
| Graphic Designer, World Trade Center Health Registry | 317261 | 125 Worth Street, Nyc | DEPT OF HEALTH/MENTAL HYGIENE | Not Applied | Draft | 01/05/2018 7:06AM | |
| Graphic Designer, World Trade Center Health Registry | 317261 | 125 Worth Street, Nyc | DEPT OF HEALTH/MENTAL HYGIENE | Applied | Not Hired | 01/06/2018 1:47PM | 01/06/2018 1:47PM |
| Creative Asset Producer | 322701 | 1 Centre St., N.Y. | DEPARTMENT OF FINANCE | Not Applied | Draft | 02/05/2018 2:17PM | |
| Creative Asset Producer | 322701 | 1 Centre St., N.Y. | DEPARTMENT OF FINANCE | Applied | Applied | 02/05/2018 2:41PM | 02/05/2018 2:41PM |

## Attached Resumes

| Resume | Attached File | Date Created |
|---|---|---|
| LYU_resdes2-2016.pdf | LYU_resdes2-2016.pdf | 09/20/2016 7:16AM |
| LY_AdminResume2016.pdf | LY_AdminResume2016.pdf | 09/20/2016 7:36AM |
| LYU_resdes2Parks.pdf | LYU_resdes2Parks.pdf | 03/24/2017 4:06AM |
| AdminResume2017-Simp.pdf | AdminResume2017-Simp.pdf | 07/17/2017 2:19PM |
| LaurenY_newRes.pdf | LaurenY_newRes.pdf | 11/08/2017 11:36AM |

## Attached Cover Letters

| Attachment | Job ID | Attachment Title | Uploaded |
|---|---|---|---|
| LYu_cvr_NYPD_BldgMatne.doc | 259233 | LYu_cvr_NYPD_BldgMatne.doc | 09/20/2016 7:13AM |
| LYu_cvr_NYPD_BldgMatne.doc | 259233 | LYu_cvr_NYPD_BldgMatne.doc | 09/20/2016 7:22AM |
| LYu_cvr_NYPD_RiskMngmr.doc | 249573 | LYu_cvr_NYPD_RiskMngmt.doc | 09/20/2016 7:26AM |
| LYu_res-Dire-E-learning_DCAS.doc | 250270 | LYu_res-Dire-E-learning_DCAS.d | 09/20/2016 7:35AM |
| LYu_res_DigitalComm_DOT.doc | 280625 | LYu_res_DigitalComm_DOT.doc | 03/24/2017 4:05AM |
| LYu_res_DigitalContent,OMB.doc | 282865 | LYu_res_DigitalContent,OMB.doc | 04/12/2017 3:36PM |
| LYu_res_AssUrban_DOT.doc | 287030 | LYu_res_AssUrban_DOT.doc | 04/14/2017 3:54PM |

ipt:submitAction_win0(document.win0,'#ICSetFieldHRS_CE_ACTVTY.EOTL_UI_BTN_ID.SSNAV#HRS_APP_SCHJOB');

05/04/2017 3:45PM

# Exhibit K: MY CITY JOBS
# APPLICATION RECORD Pg 2

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/06/2017 11:56AM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/06/2017 5:28PM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/06/2017 5:34PM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/08/2017 11:07AM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Not Applied | Draft | 11/08/2017 11:16AM | |
| Graphic Designer | 306405 | 1 Centre St., N.Y. | DEPT OF INFO TECH & TELECOMM | Applied | Not Hired | 11/08/2017 11:43AM | 11/08/2017 11:43AM |
| Graphic Designer, World Trade Center Health Registry | 317261 | 125 Worth Street, Nyc | DEPT OF HEALTH/MENTAL HYGIENE | Not Applied | Draft | 01/05/2018 7:06AM | |
| Graphic Designer, World Trade Center Health Registry | 317261 | 125 Worth Street, Nyc | DEPT OF HEALTH/MENTAL HYGIENE | Applied | Not Hired | 01/06/2018 1:47PM | 01/06/2018 1:47PM |
| Creative Asset Producer | 322701 | 1 Centre St., N.Y. | DEPARTMENT OF FINANCE | Not Applied | Draft | 02/05/2018 2:17PM | |
| Creative Asset Producer | 322701 | 1 Centre St., N.Y. | DEPARTMENT OF FINANCE | Applied | Applied | 02/05/2018 2:41PM | 02/05/2018 2:41PM |

## Attached Resumes

| Resume | Attached File | Date Created |
|---|---|---|
| LYU_resdes2-2016.pdf | LYU_resdes2-2016.pdf | 09/20/2016 7:16AM |
| LY_AdminResume2016.pdf | LY_AdminResume2016.pdf | 09/20/2016 7:36AM |
| LYU_resdes2Parks.pdf | LYU_resdes2Parks.pdf | 03/24/2017 4:06AM |
| AdminResume2017-Simp.pdf | AdminResume2017-Simp.pdf | 07/17/2017 2:19PM |
| LaurenY_newRes.pdf | LaurenY_newRes.pdf | 11/08/2017 11:36AM |

## Attached Cover Letters

| Attachment | Job ID | Attachment Title | Uploaded |
|---|---|---|---|
| LYu_cvr_NYPD_BldgMatne.doc | 259233 | LYu_cvr_NYPD_BldgMatne.doc | 09/20/2016 7:13AM |
| LYu_cvr_NYPD_BldgMatne.doc | 259233 | LYu_cvr_NYPD_BldgMatne.doc | 09/20/2016 7:22AM |
| LYu_cvr_NYPD_RiskMngmt.doc | 249573 | LYu_cvr_NYPD_RiskMngmt.doc | 09/20/2016 7:26AM |
| LYu_res-Dire-E-learning_DCAS.doc | 250270 | LYu_res-Dire-E-learning_DCAS.d | 09/20/2016 7:35AM |
| LYu_res_DigitalComm_DOT.doc | 280625 | LYu_res_DigitalComm_DOT.doc | 03/24/2017 4:05AM |
| LYu_res_DigitalContent.OMB.doc | 282865 | LYu_res_DigitalContent.OMB.doc | 04/12/2017 3:36PM |
| LYu_res_AssUrban_DOT.doc | 287030 | LYu_res_AssUrban_DOT.doc | 04/14/2017 3:54PM |

'ipt:submitAction_win0(document.win0,'#ICSetFieldHRS_CE_ACTVTY.EOTL_UI_BTN_ID.SSNAV#HRS_APP_SCHJOB');

06/04/2017 3:45PM

22

# Exhibit L:
# CITY CORPS Denial of Volunteer position



Reply   Reply All   Forward   Delete   More ▾                                          2 of 8 results

**Re: City Service Corps 2017-2018**

yuladesigns (yuladesigns@aol.com)                                          Mon, Aug 14, 2017 11:36 am
To: Servicerecruitment    Details ▾

Yes


-----Original Message-----
From: Service Recruitment <Servicerecruitment@cityhall.nyc.gov>
To: Laurene Uy <laurene.yu@gmail.com>; Service Recruitment <Servicerecruitment@cityhall.nyc.gov>
Cc: yuladesigns <yuladesigns@aol.com>
Sent: Fri, Aug 11, 2017 4:10 pm
Subject: RE: City Service Corps 2017-2018

City Service Corps – Work in direct service and capacity in community organizations and NYC agencies.

NYC Civic Corps – Build volunteer capacity in community organizations and NYC agencies.

Both programs differ slightly in overall mission, but they have same stipend, benefits, and education award.

-NYC Service, Service Year Programs

**From:** Laurene Uy [mailto:laurene.yu@gmail.com]
**Sent:** Friday, August 11, 2017 3:38 PM
**To:** Service Recruitment
**Cc:** yuladesigns@aol.com
**Subject:** Re: City Service Corps 2017-2018

What is the difference?

On Aug 11, 2017 3:35 PM, "Service Recruitment" <Servicerecruitment@cityhall.nyc.gov> wrote:
Good Afternoon Laurene:

Thank you very much for your interest in City Service Corps.  As we still look to find a position for you, we would like to present the opportunity to be considered for NYC Civic Corps which is another program ran by NYC Service.  NYC Civic Corps is the oldest service year program that we have and the goal is to build volunteer capacity in community organizations and NYC agencies.  If you are interested in this opportunity, the next step will be a phone screen with one of our Coordinators.  Please reply to this email if you would like to also be considered for NYC Civic Corps.

To learn more, please visit nyc.gov/civiccorps.

Best,
NYC Service, Service Year Recruitment

**8.5 Million New Yorkers. Together, Serving Each Other.**
#UnityThroughService| @NYCService

nyc.gov/service | twitter | facebook | instagram

23

# Exhibit M:
# EMAILS To NYC DCAS COMMISSIONER, ACS COMMISSIONER

On Fri, May 12, 2017 at 6:01 PM, Laurene Uy <laurene.yu@gmail.com> wrote:

Hi:

I was given your name to be reinstated because Civil Service Commission did not give me a reconsideration for termination appeal. I was a certified graphic artist, for 8 years at ACS; and I was dismissed as they stated "incompetent & misconduct" (which I don't even know what they could possibly mean after I received a merit increase). Their opinions- which I felt were rather heavy-handed--left me feeling vilified; as an immigrant, and a minority woman.

I had asked the CSC and agency to be transferred to another agency, but they also refused. Even being a Union rep, I was not taken seriously even when I expressed my concerns, they took it as being disrespectful. Only after new leadership came, did the new Commissioner state they should have honest conversation-- that would be the environment most compatible with me as well.

Beyond the certification civil service title, I offer many other skills. ACS was my first City agency experience and I certainly hoped it wouldn't be my last. Although, the separation was best, I have been awarded unemployment insurance due to the environment I had to endure. In reality, my separation is constructive and not entitled, as they claimed-I earn everything on my own merit--which I believe is always the best route. Im also hoping that my attempts to rectify this without any further court order actions will be of interest to all.

According to your DCAS website and personnel rules, I am submitting this notice for reinstatement shall it produce a result that would be satisfactory to both. In the meantime, I have also applied to other postings, but instead of collecting unemployment, I feel that I can be of use employed as well.

I applied for a graphic artist position in DCAS, which is still listed as of 2011. There are few people who hold this cs title, and most of them are also Level 2 or higher--after 8 years, ACS still refused to promote me despite winning grievance.

Please see the provisions **6.2.6.** attached.

Please contact me with any questions.

Thanks so much
Laurene Yu

**6.2.6. Reinstatement of Dismissed Employee.** (a) An agency under the jurisdiction of the commissioner of citywide administrative services, upon written application for reinstatement by a person who was dismissed from a permanent competitive or labor class position in such agency, which sets forth the reasons for requesting an opportunity of making a further explanation, may consider such application. (b) If the agency shall determine that such application and explanation are meritorious, it may, in its discretion and with the approval of the commissioner of citywide administrative services, reinstate such person; provided however, that:

(1) such person shall be eligible for reinstatement for a period of one year only from the date of dismissal; and



M Gmail

La Y <laurene.yu@gmail.com>

## 6.2.6. Reinstatement of Dismissed/Separated Employee
2 messages

**Laurene Uy** <laurene.yu@gmail.com>                 Fri, May 12, 2017 at 6:01 PM
To: cmonge@dcas.nyc.gov
Cc: dpinnock@dcas.nyc.gov

Hi:

I was given your name to be reinstated because Civil Service Commission did not give me a reconsideration for termination appeal. I was a certified graphic artist, for 8 years at ACS; and I was dismissed as they stated "incompetent & misconduct" (which I don't even know what they could possibly mean after I received a merit increase). Their opinions- which I felt were rather heavy-handed--left me feeling vilified; as an immigrant, and a minority woman.

I had asked the CSC and agency to be transferred to another agency, but they also refused. Even being a Union rep, I was not taken seriously even when I expressed my concerns, they took it as being disrespectful. Only after new leadership came, did the new Commissioner state they should have honest conversation-- that would be the environment most compatible with me as well.

Beyond the certification civil service title, I offer many other skills. ACS was my first City agency experience and I certainly hoped it wouldn't be my last. Although, the separation was best, I have been awarded unemployment insurance due to the environment I had to endure. In reality, my separation is constructive and not entitled, as they claimed-I earn everything on my own merit--which I believe is always the best route. Im also hoping that my attempts to rectify this without any further court order actions will be of interest to all.

According to your DCAS website and personnel rules, I am submitting this notice for reinstatement shall it produce a result that would be satisfactory to both. In the meantime, I have also applied to other postings, but instead of collecting unemployment, I feel that I can be of use employed as well. I applied for a graphic artist position in DCAS, which is still listed as of 2011. There are few people who hold this cs title, and most of them are also Level 2 or higher--after 8 years, ACS still refused to promote me despite winning grievance.

Please see the provisions **6.2.6.** attached.

Please contact me with any questions.

Thanks so much
Laurene Yu

**6.2.6. Reinstatement of Dismissed Employee.**

(a) An agency under the jurisdiction of the commissioner of citywide administrative services, upon written application for reinstatement by a person who was dismissed from a permanent competitive or labor class position in such agency, which sets forth the reasons for requesting an opportunity of making a further explanation, may consider such application.

(b) If the agency shall determine that such application and explanation are meritorious, it may, in its discretion and with the approval of commissioner of citywide administrative services, reinstate such person; provided however, that:

# Exhibit N:
# CONTINUED BLOCK OF EMAILS
# POST Sept 2016

**postmaster@bb.nyc.gov**
to me

**Delivery has failed to these recipients or groups:**

Robins, Elizabeth (Law) (erobins@law.nyc.gov)
This message was rejected by the recipient e-mail system. Please check the recipient's e-mail address and try
resending this message, or contact the recipient directly.

The following organization rejected your message: csmail.nyc.gov.

**Diagnostic information for administrators:**

Generating server: bb.nyc.gov

erobins@law.nyc.gov
csmail.nyc.gov #554 5.1.0 Sender denied ##

Original message headers:

```
Received: from vwall5.nyc.gov (161.185.2.31) by citymaillexedge.nycnet  (10.141.6.73) with Microsoft SMTP
Server (TLS) id 14.3.352.0; Fri, 25 May  2018 12:31:35 -0400 Received-SPF: SoftFail (vwall5.nyc.gov:
domain of   laurene.yu@gmail.com  is inclined to not designate   209.135.212.132 as permitted sender)
identity=mailfrom;   client-ip=209.135.212.132; receiver=vwall5.nyc.gov;   envelope-
from="laurene.yu@gmail.com";   x-sender="laurene.yu@gmail.com"; x-conformance=spf_only;   x-record-
type="v=spf1" Received-SPF: None (vwall5.nyc.gov: no sender authenticity   information available from
domain of   postmaster@mx.us.email.fireeyecloud.com) identity=helo;   client-ip=209.135.212.132;
receiver=vwall5.nyc.gov;   envelope-from="laurene.yu@gmail.com";   x-
sender="postmaster@mx.us.email.fireeyecloud.com";   x-conformance=spf_only X-IronPort-Anti-Spam-Filtered:
true X-IronPort-Anti-Spam-Result:
A0ESAgCEOQhbh4TUh9FZA4J/AQhCKAGBUgcwg3eBHYJQknyBD4dqhlmCAIJ2FIEpOwgDLoQ+
str=0001.0A02020E.5B083A72.0009,ss=1,re=0.000,recu=0.000,reip=0.000,cl=1,cld=1,fgs=0 Message-ID:
<CADGDRO8NrPKU-NQ2Zqzn80YjGbe2gcvdc5Zw0j=mR8DUj5RXPg@mail.gmail.com>
```

Final-Recipient: rfc822;erobins@law.nyc.gov
Action: failed
Status: 5.1.0
Diagnostic-Code: smtp;554 5.1.0 Sender denied
Remote-MTA: dns;csmail.nyc.gov
X-Display-Name: Robins, Elizabeth (Law)



---------- Forwarded message ----------
From: Laurene Uy <laurene.yu@gmail.com>
To: <Tsz_Man_Chan@nysd.uscourts.gov>
Cc: "Robins, Elizabeth (Law)" <erobins@law.nyc.gov>
Bcc:
Date: Fri, 25 May 2018 12:31:33 -0400
Subject: Re: 17cv7327
Thank you!

On Fri, May 25, 2018, 12:30 PM <Tsz_Man_Chan@nysd.uscourts.gov> wrote:
Dear Ms. Yu and Counsel,

24

Thank you for your quick reply.

The Court will adjourned the May 29 pretrial conference.

Please see the attached order.

Have a nice weekend.

Thank you,

**Mr. Tsz M. Chan**
Courtroom Deputy to Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 18C
New York, NY 10007
Email: Tsz_Man_Chan@nysd.uscourts.gov
Tel: 212-805-0124
Fax: 212-805-7925

25

# Exhibit O: ARTICLE

https://nypost.com/2017/04/18/acs-fired-me-for-doing-my-job-suit/

A man hired by the city's troubled Administration for Children's Services to save taxpayers money was fired for doing his job, according to his new whistleblower lawsuit.

The city comptroller's office had created an audit officer position for ACS in 2015 to guard against the waste of public funds.

Adam Wapniak got the job in May 2016, but as soon as he flagged shoddy payment practices, favoritism and failure to hold contractors to budgets and timetables, he was demoted, his Manhattan federal suit says.

In one instance Wapniak, 38, reported to his supervisors that there was no contract or permits for construction of a juvenile jail in Jamaica, Queens, the suit says. Meanwhile the agency had already paid out thousands of dollars to vendors, the suit says.

Shortly after he filed a complaint with the city Department of Investigation he was canned in June 2016, the suit says.

"They brought me in to do a very specific job. I did it, and I got fired for it," Wapniak said.

His lawyer, Daniel Schneider, added, "the fact that they got rid of him so quickly definitely raises an eyebrow."

Wapniak is suing the city for $7 million.

A city Law Department spokesman said the complaint will be reviewed.

—