Case No. 17-CV-7327 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURENE YU,

Plaintiff,

-against-

CITY OF NEW YORK, and ADMINISTRATION
FOR CHILDREN SERVICES (ACS), John Doe

Defendants.

**REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT.**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-109(g)
New York, New York 10007-2601

*Of Counsel:* Elizabeth H. Robins

*Tel.*:  (212) 356-4389

Matter No.: 2017-070719

Donald C. Sullivan,
Elizabeth H. Robins,
Of Counsel

## Table of Contents

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**...................................................................... 1

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS ................................................................................ 3

    POINT I ..................................................................................................... 3

        PLAINTIFF'S CLAIMS OF DISCRIMINATION BASED ON COLOR, SEX, RELIGION, AND NATIONAL ORIGIN UNDER TITLE VII CONTINUE TO BE BARRED BECAUSE PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES ................................................. 3

    POINT II .................................................................................................... 4

        PLAINTIFF'S TITLE VII AND, ADEA CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND PLAINTIFF HAS ABANDONED THESE CLAIMS. FURTHER, PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED, IN PART .............................................. 4

    POINT III ................................................................................................... 6

        PLAINTIFF'S CLAIMS UNDER SHRL AND CHRL ARE BARRED PURSUANT TO THE ELECTION OF REMEDIES DOCTRINE TO THE EXTENT THEY WERE ADJUDICATED BEFORE THE NEW YORK STATE DIVISION OF HUMAN RIGHTS ................................................... 6

    POINT IV .................................................................................................. 6

        PLAINTIFF IS COLLATERALLY ESTOPPED FROM ASSERTING HER §§1981, 1983, SHRL AND CHRL CLAIMS, INCLUDING CLAIMS BASED ON HER 2013 30-DAY SUSPENSION AND 2016 TERMINATION AND ABANDONED HER DEFAMATION CLAIM ................................................... 6

POINT V .................................................................................................... 7

    PLAINTIFF FAILS TO STATE A CAUSE OF
    ACTION AND FAILS TO ADDRESS THE
    DEFICIENCIES POINTED OUT BY
    DEFENDANTS ......................................................................................... 7

POINT VI ................................................................................................... 9

    ALLEGATIONS REFERENCED IN
    PLAINTIFF'S OPPOSITION SHOULD NOT BE
    CONSIDERED AND DO NOT CURE
    DEFICIENCIES IN THE COMPLAINT .................................................... 9

POINT VII .................................................................................................. 10

    AMENDMENT OF THE COMPLAINT IS
    FUTILE .................................................................................................... 10

CONCLUSION ............................................................................................ 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAURENE YU,

                                        Plaintiff,

                                                                    17-CV-7327 (RWS)
                    -against-

CITY OF NEW YORK, and ADMINSITRATION
FOR CHILDREN SERVICES (ACS), John Doe

                                        Defendants.
------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff claims that defendants City of New York and Administration for Children Services ("ACS") discriminated against her on the basis of her race ("Asian"), color ("yellow"), religion (unidentified), sex (female), national origin ("Chinese"), age ("born in the year 1970") in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), Age Discrimination Act of 1967 ("ADEA"), and § 1981 and § 1983.  Plaintiff alleges these same claims under New York State Human Rights Law ("SHRL"), and adds SHRL claims for disability (which plaintiff does not define), predisposing genetic characteristics (unidentified), and marital status (unidentified).  Under the New York City Human Rights Law ("CHRL), she again alleges the same claims as under the SHRL, except that she does not again allege genetic characteristics, and adds claims based on partnership status (unidentified), sexual orientation (unidentified), alienage (unidentified), and citizenship status (unidentified).  She further claims that defendants subjected her to a hostile work environment, retaliated against her, and defamed her.

Defendants City of New York and ACS ("Defendants")[1] moved to dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendants' motion was filed on May 3, 2018. Defendants moved to dismiss on the following grounds: (1) the Court lacks subject matter jurisdiction over Plaintiff's Title VII claims based on color, religion, sex, and national origin because she failed to assert those claims in her EEOC charge; (2) any Title VII or ADEA claims that accrued more than three hundred days prior to the July 2017 filing of Plaintiff's EEOC charge are time-barred, as are any SHRL or CHRL claims which occurred three years prior to the filing of Plaintiff's complaint; (3) Plaintiff's claims under the Equal Protection Clause, § 1981, SHRL and CHRL are barred by the election of remedies doctrine to the extent that they were resolved against plaintiff by the New York State Division of Human Rights ("SDHR"); (4) Plaintiff is barred by the doctrine of collateral estoppel from challenging her prior disciplinary hearings or claiming they resulted from anything other than legitimate business reasons; (5) Plaintiff generally fails to state a cause of action because she fails to establish a prima facie case for unlawful discrimination under Title VII, ADEA, and SHRL, she fails to state a claim of retaliation under Title VII, the ADEA, SHRL, or CHRL, she fails to plead facts sufficiently severe or pervasive to support a hostile work environment claim, and she fails to advance *any* federal constitutional claims, *any* claims of discrimination under Title VII, SHRL, or CHRL, and fails to state a defamation claim.

Plaintiff filed an opposition dated May 29, 2018, ECF Docket No. 28 ("Plaintiff's Opp.") April 9, 2018, Dkt. No. 16 ("Plaintiff's Opp."). Plaintiff's opposition, however, in virtually all instances, failed to respond adequately to Defendants' assertions supporting their motion. For this reason alone, defendants' motion should be granted, as caselaw shows plaintiff

---

[1]Upon information and belief, no other defendants have been served in this action.

has effectively abandoned these claims.  Defendants further assert that any new allegations set forth in Plaintiff's opposition should not be considered, in accord with case law holding that a complaint may not be amended in such a fashion.  Finally, Defendants respectfully assert that the opposition does not cure the numerous deficiencies in the Complaint, and that Plaintiff's opposition shows it would be futile for Plaintiff to further amend her Complaint.

## STATEMENT OF FACTS

For a full statement of the facts relevant to this motion, Defendants respectfully refer the Court to Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, dated May 3, 2018, ECF Docket No. 21 ("Defendants' Motion").

## ARGUMENT

## POINT I

**PLAINTIFF'S CLAIMS OF DISCRIMINATION BASED ON COLOR, SEX, RELIGION, AND NATIONAL ORIGIN UNDER TITLE VII CONTINUE TO BE BARRED BECAUSE PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES**

As more fully explained in Defendants' MOL, a plaintiff must file a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") prior to commencing an action under Title VII  or the ADEA.  See Defendants' Memorandum of Law In Support of Their Motion to Dismiss ("Def. Mem.") at 15-16 (citing McInerney v. Rensselaer Polytechnic Inst., 505 F.3d 135, 138 (2d Cir. 2007); 29 U.S.C. §626 (d)).  The EEOC's Notice to defendants declared that plaintiff had alleged only alleged race and age as bases of discrimination, and had alleged retaliation.  See Def. Mem, at 9 (citing to Defendants' Exhibit "A," Notice of Charge of Discrimination dated July 28, 2017.)

3

In her opposition, Plaintiff argued that she had also alleged national origin discrimination, and attached an EEOC Intake Form in purported support.  See Pl. Opp., at 1 (referencing Pl. Exh. A, annexed to plaintiff's opposition).[2]  Further, Plaintiff claims – without citation to any authority -- that she "should be allowed to proceed on [her] color, religion, and sex discrimination claim."  See Pl. Opp., at 1.   While Defendants note that according to Plaintiff's exhibit she did claim national origin discrimination, even her own exhibit shows she did not claim sex, color, and religious discrimination.  See Pl. Exh. A., at 16.   Therefore, Plaintiff is plainly barred from bringing a claim of discrimination based on these alternative theories under Title VII.  See Def. Mem. at 15 (citing McInereny v. Rensselaer Polytechnic Inst., 505 F.3d 135, 138 (2d Cir. 2007) and 26 U.S. § 626 (d)).

Moreover, as set forth immediately below, plaintiff's own exhibit indicates that all of her Title VII and ADEA claims, even if otherwise-viable, are time-barred.

## POINT II

**PLAINTIFF'S TITLE VII AND, ADEA CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND PLAINTIFF HAS ABANDONED THESE CLAIMS.  FURTHER, PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED, IN PART**

**A.   Plaintiff's Title VII and ADEA Claims are Subject to a 300-day Statute of Limitations And the Instant Claims are Time-Barred**

In New York, claims under Title VII and the ADEA are subject to a 300-day statute of limitations—claims that accrued more than 300 days before the filing of a charge with the EEOC are time-barred.  See Def. Mem., at 16 (citing Almontaser v. N.Y.C. Dep't of Educ.,

---

[2] Even plaintiff's own exhibit undercuts her claim, because the Intake Form has a blank where plaintiff could have included her national origin.  See Pl. Exh. A., at 2, question iii.

2014 U.S. Dist. LEXIS 92760, at *13 (E.D.N.Y. July 8, 2014)).  Defendants measured the date

of filing as July 1, 2017.[3]  See id.  Plaintiff's own exhibit in opposition, however, indicates that

plaintiff's administrative intake form was received by the EEOC on July 26, 2017.  See Pl. Exh.

A., at 1.  Further, Plaintiff claims that this is the date she filed her EEOC Charge.  See Pl. Opp.,

at 1.  Accordingly, any of Plaintiff's claims that accrued on or before September 29, 2016 – 300

days earlier – are time-barred.  See Almontaser, supra.  Plaintiff herself notes that she was

terminated on September 15, 2016.  See Complaint, ECF Dkt. No. 2, ¶  26.  As such, as

defendants noted in our moving papers, any otherwise-viable Title VII or ADEA claims are

time-barred.  See Def. Mem., at PAGE (using an earlier date for plaintiff's EEOC filing).

## B.    Plaintiff Abandoned These Claims

Plaintiff argues – without citing to any authority or factual allegations – that

Defendants are still committing wrongful acts against her.  See Pl. Opp., at 1-2.  Plaintiff does

not bother to explain how this could be true, given her own statement that she was terminated in

September 2016.  See Complaint, ECF Dkt. No. 2, ¶ 26.

Aside from her fanciful – and unsupported – contention about on-going

discrimination, plaintiff does not dispute that her Title VII and ADEA claims are time-barred.

See Pl. Opp., at 1-2.  Plaintiff, therefore, has abandoned these claims, which presents an

alternative ground for dismissing them.  See Martinezv. City of New York, 2012 U.S. Dist.

LEXIS 173500, at *3 (S.D.N.Y. Dec. 6, 2012) (claims should be dismissed where plaintiff fails

to address defendants' assertions not addressed in opposition to motion to dismiss).

## C.    City and State Claims

---

[3] Defendants have not yet received a copy of plaintiff's administrative filing from the EEOC, and based the July 1, 2017 proposed date on plaintiff's statement that she had filed in July.  See Def. Mem., at 16.

As stated in our moving papers, judicial actions filed pursuant to the SHRL and CHRL must be commenced within three years.  See Def. Mem. at 17.  Plaintiff concedes this. See Pl. Opp., at 1-2.  Since Plaintiff filed her complaint on September 25, 2017, any allegations based on conduct that occurred prior to September 25, 2014 are untimely and must be dismissed. See Def. Mem., at 16-17 (citing N.Y. C.P.L.R.  § 214(2); N.Y.C. Admin Code 8-502(d)).

## POINT III

**PLAINTIFF'S CLAIMS UNDER SHRL AND CHRL ARE BARRED PURSUANT TO THE ELECTION OF REMEDIES DOCTRINE TO THE EXTENT THEY WERE ADJUDICATED BEFORE THE NEW YORK STATE DIVISION OF HUMAN RIGHTS**

SHRL and CHRL claims, once brought before the New York State Division of Human Rights ("SDHR"), may not be brought again as a plenary action in another court, whether it is state or federal court.  See Def. Mem. at 17 (citing York v. Ass'n of the Bar, 286 F.3d 122, 127 (2d Cir. 2002)).  Plaintiff does not address this point in her opposition, other than seeking to restate – yet again – the issues she litigated, and lost, before the SDHR.  See Plaintiff's Opp. at 2.  As such, plaintiff has failed to provide this Court – nor could she – viable grounds to continue claims already resolved against her.  See Martinez, supra.

## POINT IV

**PLAINTIFF IS COLLATERALLY ESTOPPED FROM ASSERTING HER §§1981, 1983, SHRL AND CHRL CLAIMS, INCLUDING CLAIMS BASED ON HER 2013 30-DAY SUSPENSION AND 2016 TERMINATION AND ABANDONED HER DEFAMATION CLAIM**

As more fully discussed in Defendants' moving papers, Plaintiff is barred from relitigating her prior disciplinary proceedings and cannot claim that her disciplinary history,

6

including her termination, was not based on legitimate business reasons.   The doctrine of

collateral estoppel prevents a party from re-litigating an issue previously litigated and decided

against that party.   See Def. Mem. at 19 (citing Ryan v. New York Telephone Company, 62

N.Y.2d 494, 500 (1984)).   Plaintiff does not put forth any argument in opposition.   She merely

ignores it and attempts to re-litigate her termination in spite of this well-settled doctrine.   See

Plaintiff's Opp. at 3.   As such, Plaintiff has also abandoned these claims.   See Martinez, 2012

U.S. Dist. LEXIS 173500, at *3.

Plaintiff has also abandoned any claims of defamation.   Defendants asserted in

their Memorandum of Law that not only did Plaintiff fail to state a defamation claim since she

did not specify the contents of any false statements, who made the statement, when they were

made, or whether they were shared with the public, and seemingly the statements were made by

Defendants in the context of a judicial proceeding, but Plaintiff also did not file a notice of claim

as required under New York State Law.   See Def. Mem. at 33-34 (citing Frydman v.

Verschleister, 172 F. Supp. 3d 653, 672 (S.D.N.Y. 2016);  Silverman v. City of N.Y., 2001 U.S.

Dist. LEXIS 2631, at *23 (E.D.N.Y. 2001)).   Plaintiff has not provided any argument in

opposition, and therefore, Plaintiff has abandoned any defamation claim as well.   See Martinez,

supra.

## POINT V

### PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AND FAILS TO ADDRESS THE DEFICIENCIES POINTED OUT BY DEFENDANTS

As more fully stated in Defendants' moving papers, Plaintiff's claims should be

dismissed because, in contravention of the Iqbal standard, the Complaint fails to set forth

sufficient facts to state a claim that is plausible on its face.   See Def. Mem.  at 22.  Additionally,

Plaintiff's opposition fails to address deficiencies brought up in Defendants' moving papers.   As

such, once again, plaintiff has effectively abandoned each of these claims.  See Martinez, 2012 U.S. Dist. LEXIS 173500, at *3.

Plaintiff's discrimination claims fail (even if they were not time-barred) because plaintiff, other than her suspension and termination, does not allege facts sufficient to show that she endured an actionable adverse employment action.  See Def. Mem., at 23-27.  Most troublingly, the Complaint did not provide any facts sufficient to give even a minimal inference of discrimination.  See Def. Mem. at 23-24.  Plaintiff's opposition does not cure this.  Indeed, despite being on notice that she has not identified her disability, religion, predisposing genetic characteristic, marital status, sexual orientation, or citizenship status, for example, Plaintiff has still failed to identify these characteristics, see Pl. Opp., at 4.  She merely states that she "opposed business practices," but does not state what they are, and in the definition of a conclusory statement, says that "the protected activity was followed closely by discriminatory and disparate treatment, and or retaliatory animus," without any further specificity or any facts alleging any connection to Plaintiff's alleged protected characteristics.  See Plaintiff's Opp. at 3-4.

Plaintiff also has not cured deficiencies in her retaliation claims.  Plaintiff's claim that she suffered retaliation by being "blacklisted" from city employment does not survive the Iqbal standard of stating a claim that is plausible on its face.  See Defendants' Motion at 22.  Plaintiff claims that she was rejected from multiple city jobs, including City Corps, an AmeriCorp program, without any support that such rejections were in any way related to any alleged protected activity (or what that protected activity is), that the hiring officers had any awareness of the activity, or that there is any causal connection.  See Plaintiff's Opp. at 7-8, Defendants' Motion at 25.

Similarly, Plaintiff's hostile work environment claims fail for the same reason. She does not offer <u>any</u> factual allegations that lead even to an inference that the workplace was "severely permeated with discriminatory intimidation, ridicule, and insult," or even that anything allegedly done to her was because of her protected characteristics. <u>See</u> Defendants' Motion at 28 (citing <u>Alfano v. Costello</u>, 294 F.3d 365, 373 (2d Cir. 2002); <u>Williams v New York City Hous. Auth.</u>, 61 A.D.3d 62, 80, (1st Dep't 2009)).

Plaintiff further does not respond to any of the deficiencies in her federal constitutional claims, <u>see</u> Defendants' Motion at 29-31. Plaintiff merely restates that she was "subjected to violation[s]" and "prejudice." <u>See</u> Plaintiff's Opp. at 10-11.

The extent to which Plaintiff claims she was discriminated against due to her race is the lone comment that she was purportedly referred to as the "Asian girl." <u>See</u> Plaintiff's Opp at 2; <u>see generally</u> Complaint; Plaintiff's Opp. She claims that the comment shows "strong animus" and that it is related to general inappropriate behavior towards Asians at ACS. <u>See</u> Plaintiff's Opp. at 2. She cites to what she purports to be a 2002 EEO Memo, which although truncated, seems to note that an individual (unclear if an employee) made a mimicking offensive dialect toward Asian pedestrians (who are presumably not employees). <u>See id</u>.; Plaintiff's Exhibit B, EEO Inappropriate Behavior In the Workplace Memo. This memo was issued six years before Plaintiff began working at ACS in 2008, <u>see</u> Complaint ¶ 2, and therefore cannot support her claims under the <u>Iqbal</u> standard, which requires claims to move from the conceivable to the plausible. <u>See</u> Defendants' Motion at 22.

**POINT VI**

**ALLEGATIONS REFERENCED IN PLAINTIFF'S OPPOSITION SHOULD NOT BE CONSIDERED AND DO NOT CURE DEFICIENCIES IN THE COMPLAINT**

9

Plaintiff's opposition does not address – let alone cure -- any of aforementioned deficiencies in her Complaint.  She does assert additional conclusory allegations which were not referenced in her original Complaint, such as that she was replaced by a "white ACS employee" and a "younger co-worker," see Plaintiff's Opp. at 3, that her e-mails were blocked, see id. at 5, that applications to additional city jobs were denied because of retaliation, see id. at 7-8, and that her "Seventh Amendment right" to a jury trial  was violated, see id. at 11.  The Court should decline to consider any allegations that were not made in the Complaint.  See Laurent v. Wilkerson, 461 Fed. App'x 18, 21-22 (2d Cir. 2012) (affirming District Court's dismissal of claims that were only supported by allegations in the *pro se* plaintiff's opposition papers rather than the Complaint); Peacock v. Suffolk Bus Corp., 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) ("[i]t is well-settled that a plaintiff cannot amend [her] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss") (internal quotation omitted) (collecting cases).

## POINT VII

### AMENDMENT OF THE COMPLAINT IS FUTILE

Although leave to amend is ordinarily freely granted, it is "well settled that the district court may deny leave to replead if the proposed amendments would be futile." Arbitron Co. v. Tropicana Prod. Sales, Inc., No. 91-3697, 1993 U.S. Dist. LEXIS 5587, at *8 (S.D.N.Y. Apr. 28, 1993) (quoting Albany Ins. Co. v. Esses, 831 F.2d 41, 45 (2d Cir. 1987)).  "An amendment is considered futile if the proposed pleading fails to state a claim or would be subject to a motion to dismiss on some other basis." New York State Ass'n of Career Schools, Inc. v. State Educ. Dep't of State of New York, 142 F.R.D. 403, 405 (S.D.N.Y. 1992).  Defendants' Motion alerted Plaintiff to the numerous deficiencies in her Complaint and yet her opposition

fails to even attempt to cure them.  Her allegations continue to fail to meet the <u>Iqbal</u> standard or

are otherwise in contradiction to the record, incredible, or conclusory to the point where they

cannot be presumed to be true.  Because any amended complaint put forth by Plaintiff will

apparently suffer the same deficiencies as her original complaint, no request to amend the

Complaint should be considered.  <u>See</u> <u>Pfizenmayer v. Hicksville Pub. Schs</u>, 2017 U.S. Dist.

LEXIS 217335, *11-12 (E.D.N.Y. Jan. 24, 2017) (dismissing the plaintiff's complaint for failure

to state a claim).

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully requests that the Court grant

Defendants' motion to dismiss the Complaint in its entirety with prejudice, together with such

other and further relief as the Court deems just and proper.

Dated:          New York, New York
                June 21, 2018


                                        **ZACHARY W. CARTER**
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-109(g)
                                        New York, New York 10007
                                        (212) 356-4389
                                        erobins@law.nyc.gov

                                   By:  */s/ Elizabeth H. Robins*
                                        Elizabeth H. Robins
                                        Assistant Corporation Counsel

Donald C. Sullivan,
Elizabeth H. Robins,
Of Counsel.

11