18-3838
Yu v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand twenty.

Present:  ROSEMARY S. POOLER,
          PETER W. HALL,
          RAYMOND J. LOHIER, JR.,
              *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 03 2020

_____

LAURENE YU,

  *Plaintiff-Appellant*,

v.                                                                        18-3838

CITY OF NEW YORK, ADMINISTRATION FOR CHILDREN'S SERVICES,[1]

  *Defendants-Appellees*.
_____

Appearing for Appellant:     Laurene Yu, pro se, New York, N.Y.

Appearing for Appellees:     Fay Ng and Jane L. Gordon, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

---
[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED and REMANDED in part and AFFIRMED in part**.

Appellant Laurene Yu, proceeding pro se, appeals from the November 29, 2018 opinion and order of the United States District Court for the Southern District of New York (Sweet, *J.*), dismissing Yu's complaint for lack of subject-matter jurisdiction and failure to state a claim. Yu claimed the defendants discriminated against her throughout her employment based on her age, race, color, religion, and national origin under Title VII, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; 42 U.S.C. §§ 1981, 1983; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq.*. Liberally construed, she also raised claims of retaliation and a hostile work environment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's dismissal of a complaint de novo, taking as true all of the allegations contained in the complaint and drawing all inferences in the plaintiff's favor. *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002). "A pro se complaint should not be dismissed unless it appears beyond doubt that the plaintiff[] can prove no set of facts in support of [his] claim[s] which would entitle [him] to relief." *Id.* (internal quotation marks and citation omitted). We must construe the complaint "broadly," especially when the complaint alleges civil rights violations. *Id.* at 146 (internal quotation marks omitted).

Although Yu seeks leave to amend, we note at the outset that Yu does not argue in this appeal that the district court erred in dismissing her state and city discrimination claims as alleged in her complaint. The district court properly concluded that part of Yu's claims are barred by the applicable statutes of limitations. Yu's state and city discrimination claims are subject to a three-year statute of limitations, *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007), as is her Section 1983 claim, *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018). Yu filed her complaint on September 25, 2017. Thus, any such discrimination claims based on acts occurring prior to September 25, 2014 are time-barred.

The district court also properly concluded that part of Yu's Title VII and ADEA disparate treatment and retaliation claims were time-barred. As a precondition to bringing suit in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC within 300 days of an unlawful employment practice. 42 U.S.C. § 2000e-5(e), (f); 29 U.S.C. § 626(d). Yu filed her EEOC charge on July 25, 2017, so any claims based on discrete acts occurring prior to September 28, 2016 were untimely.

However, Yu's hostile work environment claim would not necessarily be time-barred. For hostile work environment claims, only one alleged act must fall within the statute of limitations, and so long as that act is part of the same unlawful practice as the earlier acts, the entire period of hostile environment may be considered. *Petrosino v. Bell Atl.*, 385 F.3d 210, 220

2

(2d Cir. 2004). Because the district court failed to account for Yu's hostile work environment claim in its timeliness analysis, we remand on this claim.

The district court next concluded that the election of remedies doctrine bars Yu's state and city claims. A plaintiff may not bring NYSHRL and NYCHRL claims in federal court if those claims have already been adjudicated before the New York State Division of Human Rights ("SDHR"). *See York v. Ass'n of Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002). The district court held that the claims were barred because they were included in Yu's 2012 complaint to the SDHR. We disagree. While Yu did raise claims of discrimination before the SDHR in 2012, those claims relied on different factual assertions than the present claims alleged in her complaint. The claim addressed by the SDHR—Postiglione allegedly asking why a promotion did not go to "the Asian girl"—is not identical to the comment asserted in the present complaint—Postiglione allegedly stating that "they should go after the Asian girl." Though the language of the two comments is very similar, the complaint states that the "they should go after the Asian girl" comment occurred in 2013 while Postiglione's promotion comment occurred in 2012. We are therefore not convinced that these two comments relate to the same incident. Moreover, the 2012 SDHR proceeding does not bar Yu's claims based on acts that occurred from 2013 to present. We accordingly vacate and remand on those claims as well, to the extent they are not time-barred.

We also vacate in part the district court's dismissal with prejudice for failure to state a cause of action under federal law or the NYSHRL. Typically, a pro se plaintiff must be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). However, leave to amend need not be granted where amendment would be futile because the problems with the complaint's claims are substantive and not the result of inartful pleading. *Id*. The district court based its dismissal with prejudice on futility grounds.

Yu's Section 1981 claims were properly dismissed, although for different reasons than those given by the district court. We have held that "§ 1981 does not provide a separate private right of action against state actors." *Duplan*, 888 F.3d at 621 (dismissing discrimination claims against city employer brought under Section 1981 as opposed to Section 1983). Thus, Yu's Section 1981 claim fails as a matter of law, and no amendment could overcome this deficiency.

Amendment with regard to Yu's time-barred claims is also futile, but her timely claims may survive if properly pleaded. While we agree with the district court that Yu's allegations with respect to the remaining claims are conclusory, it is not at all clear that Yu could never sufficiently plead her timely claims. The deficiencies of her complaint with respect to these claims were largely due to a lack of factual detail. But Yu raised new factual allegations in her opposition to the motion to dismiss and in her appellate brief that support her claims of discrimination—indicating that she may be able to successfully amend her complaint to bolster her claims.

3

The district court also declined to exercise supplemental jurisdiction over—and therefore dismissed—Yu's remaining claims under the NYCHRL. As we remand to the district court, we vacate this dismissal.

Finally, we decline to decide whether Yu's claims are barred by collateral estoppel because her discrimination claims were rejected by Administrative Law Judges ("ALJs") in administrative proceedings. This argument was not addressed by the district court, the record does not clearly show that all of Yu's present claims were addressed by the ALJs, and the present litigation is still in early stages. We are therefore not in a position to decide this issue in the first instance.

We have considered the remainder of Yu's arguments and find them to be without merit. We vacate the district court's dismissal of Yu's hostile work environment and timely NYSHRL, NYCHRL, Section 1983, Title VII, and ADEA claims; affirm the district court's dismissal of Yu's Section 1981 and untimely NYSHRL, NYCHRL, Section 1983, Title VII, and ADEA claims; and remand for further proceedings consistent with this order. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4