Case No. 17-CV-7327 (AJN)(BCM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURENE YU,

Plaintiff,

-against-

CITY OF NEW YORK, and ADMINISTRATION
FOR CHILDREN SERVICES (ACS),

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT.

**JAMES E. JOHNSON**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-109(e)
New York, New York 10007-2601

*Of Counsel:* Kimberly E. Wilkens
*Tel*.:  (212) 356-4083
Matter No.: 2017-070719

Kimberly E. Wilkens,
Of Counsel.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 4

      A.   Summary ............................................................................................4

      B.   Alleged Events Prior to Plaintiff's Termination ...................................5

              1.   Alleged Failure to be Promoted ....................................................5

              2.   Alleged Denial of Mayors Scholarship ..........................................6

              3.   Alleged Computer Malfunctions ...................................................6

              4.   2016 Events:  Alleged Reprimand, Workplace Violence Report, Suspension, Training Class, Transfer, and Hearing on Suspension ...................................................................................6

              5.   Alleged Time Sheet Alterations .....................................................7

              6.   Office Relocation ........................................................................7

              7.   Summary ....................................................................................7

      C.   The OATH Hearing and Plaintiff's Termination..................................8

      D.   Procedural History of the Instant Action ............................................10

ARGUMENT

      POINT I

           PLAINTIFF'S TITLE VII CLAIMS MUST FAIL AS THEY ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS PERIOD AND/OR PLAINTIFF'S FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES ...........................................12

           A.   Plaintiff's Title VII Time Barred Claims............................................12

           B.   Plaintiff's Failure to Exhaust Her Administrative Remedies.......................................................................................12

**Page**

POINT II

      PLAINTIFF'S CLAIMS UNDER THE CHRL AND
      SHRL ARE BARRED TO THE EXTENT THEY
      ACCRUED BEFORE SEPTEMBER 25, 2014 ........................................13

POINT III

      PLAINTIFF'S SHRL AND CHRL CLAIMS, EVEN
      IF OTHERWISE VIABLE, ARE BARRED BY THE
      FACTUAL FINDINGS OF HER ADMINISTRATIVE
      HEARINGS AND THE DOCTRINE OF
      COLLATERAL ESTOPPEL ....................................................................14

POINT IV

      PLAINTIFF'S CLAIMS, EVEN IF OTHERWISE
      VIABLE, FAIL TO STATE A CAUSE OF ACTION
      AND SHOULD BE DISMISSED ............................................................16

     A.   Standard of Review....................................................................16

     B.   Plaintiff's Timely Discrimination Claims Fail ....................18

         1.   Absence of Adverse Employment Actions .................18

         2.   No Inference of Discrimination ..................................19

     C.   Plaintiff's Retaliation Claims Fail .......................................21

     D.   Plaintiff's Hostile Work Environment Claims Fail ............22

POINT V

      PLAINTIFF'S SECOND AMENDED COMPLAINT
      SHOULD BE DISMISSED WITH PREJUDICE ....................................24

CONCLUSION....................................................................................................... 25

## TABLE OF AUTHORITIES

**Cases**                                                                                                 **Pages**

Admin. for Children's Services v. Yu,
    OATH Index No. 2691!3 (Apr. 4, 2013),
    aff'd, NYC Civ. Serv. Comm'n Item No. 35136 (Dec. 9, 2013).................................................. 9

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)........................................................................................................... 17, 20

Askin v. Dep't of Educ. of the City of N.Y.,
    110 A.D.3d 621 (1st Dep't 2013) ............................................................................................ 21

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ................................................................................................................ 17

Bermudez v. City of New York,
    783 F.Supp.2d 560 (S.D.N.Y. 2011) ...................................................................................... 22

Beverley v. N.Y. City Health & Hosps. Corp.,
    2020 U.S. Dist. LEXIS 55946 (S.D.N.Y. Feb. 3, 2020)................................................... 20, 21

Bright v. Coca Cola Refreshments USA, Inc.,
    2014 U.S. Dist. LEXIS 155565. (E.D.N.Y. Nov. 13, 2014)................................................... 19

Brown v. Henderson,
    257 F.3d 246 (2d Cir. 2001).................................................................................................... 25

Burlington Northern & Santa Fe Ry. v. White,
    548 U.S. 53 (2006) .................................................................................................................. 22

Buttaro v. City of New York,
    2016 U.S. Dist. LEXIS 125965 (E.D.N.Y. Sept. 15, 2016),
    *dismissed on reconsideration*, Buttaro v. City of New York,
    2017 U.S. Dist. LEXIS 70193 (E.D.N.Y. May 8, 2017) ........................................................ 15

Chavis v. Chappius,
    618 F.3d 162 (2d Cir. 2010)............................................................................................... 17, 18

Chin v. N.Y.C. Hous. Auth.,
    106 A.D.3d 443 (1st Dep't 2013),
    app. denied, 22 N.Y.3d 861 (2014)......................................................................................... 21

Chong v. City of New York,
    2020 N.Y. Misc. LEXIS 2667 (N.Y. County Sup. Ct. Jun. 11, 2020)..................................... 23

Cruz v. Coach Stores, Inc.,
    202 F.3d 560 (2d Cir. 2000).................................................................................................... 22

**Cases**                                                                                                        **Pages**

Doe v. Pfrommer,
    148 F.3d 73 (2d Cir. 1998)...........................................................................................16

Feingold v. New York,
    366 F.3d 138 (2d Cir. 2004)........................................................................................18

Forrest v. Jewish Guild for Blind,
    3 N.Y.3d 295 (2004) ...................................................................................................18

Fukelman v. Delta Air Lines, Inc.,
    2020 U.S. Dist. LEXIS 66410 (E.D.N.Y. Apr. 13, 2020),
    *adopted in part, dismissed in part by*,
    Fukelman v. Delta Air Lines, Inc., 2020 U.S. Dist. LEXIS 66410
    (E.D.N.Y. May 29, 2020) ............................................................................................23

Galabya v. N.Y.C. Bd. of Educ.,
    202 F.3d 636 (2d Cir. 2000)........................................................................................19

Guity v. Uniondale Union Free Sch. Dist.,
    No. 15-5693, 2017 U.S. Dist. LEXIS 27542 (E.D.N.Y. Feb. 23, 2017) ....................18

Hicks v. Baines,
    593 F.3d 159 (2d Cir. 2010)........................................................................................22

Jenkins v. Sea-Land Serv.,
    1994 U.S. Dist. LEXIS 11477 (S.D.N.Y. Aug. 17, 1994)..........................................25

Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.,
    716 F.3d 10 (2d Cir. 2013)..........................................................................................21

Kessler v. Westchester County Dep't of Soc. Servs.,
    461 F.3d 199 (2d Cir. 2006)........................................................................................21

La Grande v. DeCrescente Distrib. Co.,
    370 F. App'x 206 (2d Cir. 2010) ................................................................................19

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)...........................................................................18, 20, 24

Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.,
    483 F. App'x 660 (2d Cir. 2012) ................................................................................19

Matusick v. Erie County Water Auth.,
    757 F.3d 31 (2d Cir. 2014)..........................................................................................16

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973).....................................................................................................18

| Cases | Pages |
|---|---|

McInerney v. Rensselaer Polytechnic Inst.,
505 F.3d 135 (2d Cir. 2007)................................................................ 13

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
715 F.3d 102 (2d Cir. 2013)................................................................ 19

Ortiz v. City of New York,
105 A.D.3d 674 (1st Dep't 2013) ........................................................ 21

Petty v. City of New York,
10 Civ. 8581 (KPF), 2014 U.S. Dist. LEXIS 164649
(S.D.N.Y. Nov. 25, 2014) ................................................................... 22

Valtchev v. City of N.Y.,
400 F. App'x 586 (2d Cir. 2010) ........................................................ 18

W&D Imps., Inc. v. Lia,
563 Fed. Appx. 19 (2d Cir. 2014)....................................................... 16

Weiss v. Inc. Vill. of Sag Harbor,
762 F. Supp. 2d 560 (E.D.N.Y. 2011) .................................................. 4

Whitfield-Ortiz v. Department of Educ. of the City of New York,
116 A.D.3d 580 (1st Dep't 2014) ........................................................ 21

Yu v. City of New York,
2020 U.S. App. LEXIS 3147 (2d. Cir. Feb. 3, 2020) ................. 2, 5, 10, 12, 13, 14, 24

**Statutes**

42 U.S.C. § 1981.................................................................................. 10, 11

42 U.S.C. § 1983.................................................................................. 10, 11, 18

42 U.S.C. § 2000e-5(e)(1).................................................................... 12

Civil Service Law §75 .......................................................................... 8

Fed. R. Civ. P. 12(b)(6)........................................................................ 16, 17

Federal Rules of Evidence Rule 201.................................................... 4

N.Y. C.P.L.R. § 214(2) ......................................................................... 13

NYC Admin. Code 8-502(d).................................................................. 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LAURENE YU,

                              Plaintiff,

                                                      17-CV-7327 (AJN)(BCM)

              -against-

CITY OF NEW YORK, and ADMINISTRATION
FOR CHILDREN SERVICES (ACS),

                              Defendants.
------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

## PRELIMINARY STATEMENT

Laurene Yu ("Plaintiff"), *pro se*, a former graphic artist for the Administration for Children's Services ("ACS"), filed her initial Complaint on September 25, 2017, alleging various forms of discrimination in employment under multiple federal, State, and local laws, including on the basis of her unidentified religion, unidentified marital status, and unspecified alleged disability. The District Court dismissed the Complaint and denied leave to replead. The Second Circuit affirmed in part, and reversed and remanded in part, noting that Plaintiff's claims were conclusory. The Circuit also held that some of Plaintiff's claims were untimely and could not be replead, but that if she replead the timely claims, she *might* be able to state a claim. Before this Court now is Plaintiff's Second Amended Complaint ("SAC") and, as shown below, she has again failed to state a claim.

Plaintiff's SAC alleges discrimination based on her race ("Asian"), color ("yellow"), and national origin ("Chinese"), as well as hostile work environment (on an unspecified basis), and retaliation under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law

("SHRL") and the New York City Human Rights Law ("CHRL").  She also alleges discrimination on the basis of her unspecified "creed" under the SHRL and CHRL.

As set forth herein, Plaintiff's third offering – like her prior pleadings – provides nothing more than conclusory allegations of purported discrimination, warranting dismissal of her claims with prejudice.  Specifically, Plaintiff's SAC relies on purported claims that are indisputably barred under the applicable statute of limitations, and/or the doctrine of collateral estoppel, and otherwise fail to state a claim.  Furthermore, the SAC is Plaintiff's second failure to follow the instructions of both the Second Circuit and the Honorable Barbara C. Moses, assigned Magistrate Judge. Plaintiff's repeated failure to follow instructions wastes the Court's resources and time, and supports dismissing her claims with prejudice.

As noted, in its Decision affirming dismissal of some claims, the Second Circuit specifically noted that Plaintiff's Title VII claims could not be replead to the extent they accrued before September 25, 2014, and her SHRL and CHRL claims could not be replead to the extent they accrued before September 28, 2016.  The Second Circuit also affirmed that Plaintiff's non-time-barred allegations were conclusory, but remanded for further proceedings, after reasoning that these claims "may survive if properly [re]pleaded." Yu v. City of New York, 2020 U.S. App. LEXIS 3147, at **5 (2d. Cir. Feb. 3, 2020)(emphasis added).

Following that decision, the Honorable Barbara C. Moses, during a teleconference on April 1, 2020, informed Plaintiff that only her *timely* discrimination claims may be viable *if* properly pleaded.  Furthermore, Magistrate Judge Moses noted that Plaintiff's original complaint failed to provide necessary factual basis to support at least some of Plaintiff's allegations.

Thereafter, on June 1, 2020, Plaintiff filed an Amended Complaint.  Because the Amended Complaint suffered from multiple deficiencies, on June 15, 2020, Defendants filed a Motion to Dismiss.  On June 25, 2020, the Court afforded Plaintiff yet another opportunity to replead.

Plaintiff seized the opportunity, and filed her SAC on July 31, 2020, but still failed to rectify the grave deficiencies that Defendants, the Magistrate Judge, and the Second Circuit had noted prior.

The Defendants now move to dismiss Plaintiff's SAC in its entirety, for the following reasons.

First, Plaintiff, yet again, re-litigates matters that have been resolved against her. Specifically, she *again* purports to present untimely claims under Title VII, SHRL, and CHRL. Plaintiff continues to raise allegations far outside the above-described time periods.

In addition, Plaintiff again attempts to plead SHRL and CHRL claims that are barred by the doctrine of collateral estoppel.  Plaintiff was given a fair opportunity to litigate issues related to these claims before administrative bodies, and thus is bound by the factual determinations of those proceedings.  In fact, Plaintiff directly cites to said administrative proceedings and the facts established therein throughout her SAC, thus underscoring her prior litigation of those facts.  The factual record, as established in those proceedings, clearly establishes that Plaintiff's SHRL and CHRL claims of discrimination and retaliation with respect to her termination are meritless.

Next, Plaintiff's purported hostile work environment claims, to the extent they are timely, fail because the SAC never identified the basis for the alleged hostile environment and never linked this alleged environment to any protected characteristics.  Moreover, the SAC fails to include any factual allegations sufficient to support a hostile environment claim. Plaintiff references alleged instances where a supervisor referred, in slightly different language, to her as the "Asian girl," – but each such instance falls well outside the time period the Second Circuit has held is actionable.

Additionally, Plaintiff's purported retaliation claim fails as she fails to identify any protected activity.

Lastly, with respect to all of Plaintiff's minimal timely claims of discrimination, or retaliation, Plaintiff fails to plead any with necessary specificity.  It bears repeating:  the Second

Circuit said Plaintiff's, "timely claims <u>may</u> survive if properly pleaded" (emphasis added). Plaintiff, however, continues to bring forth conclusory claims without necessary factual detail.

The record before this Court, including submissions by Plaintiff herself, shows Plaintiff had a substantiated record of misconduct, including but not limited to, acting in a disrespectful and threatening manner in the workplace and sending inappropriate e-mails to co-workers.

Accordingly, Plaintiff's SAC must be dismissed in its entirety.  Further, as Plaintiff has already been given multiple chances to file a proper complaint, the Second Amended Complaint should be dismissed with prejudice.

### STATEMENT OF FACTS[1]

**A.**     **Summary**

Plaintiff was employed by ACS as a Graphic Artist Level I.  <u>See</u> SAC ¶10.  She held her title from April 28, 2008 until September 15, 2016, when she was terminated following a disciplinary proceeding held before an independent City agency, the Office of Administrative Trials and Hearings ("OATH").   SAC ¶¶11, 52, 68-69; Exhibit ("Exh.") "A," OATH Report and Recommendation dated September 1, 2016;[2] <u>see</u> <u>also</u> <u>https://www1.nyc.gov/site/oath/trials/trials.page</u> (website of the Office of Administrative Trials and Hearings, noting that agency's independence from litigants appearing before it).

---

[1] This statement of facts is derived from the allegations in Plaintiff's SAC herein (ECF Dkt. No. "65") and the material allegations set forth therein are assumed to be true for purposes of this motion to dismiss only.  Where appropriate, the Statement of Facts has been supplemented by the Second Circuit's decision in this case and the documents annexed to the accompanying Declaration of Assistant Corporation Counsel Kimberly E. Wilkens ("Wilkens Decl."). The Court may consider these exhibits on this motion because the Court may consider "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) [certain] public disclosure documents required by law to be . . . filed . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." <u>Weiss v. Inc. Vill. of Sag Harbor</u>, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011)(internal quotation marks omitted). All documents attached to the Defendants' motion are "integral" to the Complaint and relied upon in framing the Complaint, and/or are public documents subject to judicial notice.
[2] Unless otherwise noted, all exhibits referenced are annexed to the Wilkens Decl.

The Second Circuit noted that Plaintiff "filed her EEOC charge on July 25, 2017." <u>Yu v. City of New York</u>, 2020 U.S. App LEXIS 3147, **3 (2d. Cir. Feb. 3, 2020).  The Circuit held that, accordingly, "any [Title VII] claims based on discrete acts occurring prior to September 28, 2016 [would be] untimely." <u>Id</u>.  Because Plaintiff was terminated almost two weeks earlier, all her Title VII claims, even if otherwise viable, are time-barred.  <u>See id</u>.; SAC ¶52 (noting that Plaintiff was terminated on September 15, 2016).

Similarly, the Second Circuit held that because Plaintiff filed her original complaint on September 25, 2017, any SHRL or CHRL claims that accrued prior to September 25, 2014 were time-barred.  <u>Yu</u>, 2020 U.S. App. LEXIS 3147, **3.

**B.      Alleged Events Prior to Plaintiff's Termination**

The allegations in Plaintiff's SAC date back to 2010, and Plaintiff describes a multitude of alleged events, often involving disciplinary proceedings against her, through 2013.  SAC ¶¶14-34.  Plaintiff states that "at all times" she was kept under a "hostile work environment," but she provides no supporting factual allegations about who specifically was purportedly hostile, the dates of said hostility, and/or the nature of, or motivation for, the purported hostility. <u>See id</u>., ¶¶20, 64, 69.

Among the scarce events that are <u>potentially</u> timely under SHRL and CHRL, Plaintiff identifies the following:

1.   Alleged Failure to be Promoted

Plaintiff contends, during unspecified dates "between 2010 and 2016" she "petitioned… for a title change given my excellent work performance… and was consistently denied advancements." <u>See id</u>. ¶16.  Plaintiff suggests these alleged actions were motivated by discrimination or retaliation, but offers no supporting details indicating such. <u>See id</u>. ¶¶ 22, 35, 39.

2. Alleged Denial of Mayors Scholarship

Plaintiff alleges the following occurred in January 2015: she was denied an application for a "Mayors scholarship." Id. ¶36. Plaintiff, however, offers this Court no supporting detail illustrating how she was in fact "blocked" from applying. Id. ¶36.

3. Alleged Computer Malfunctions

Plaintiff broadly contends "between 2014 and 2016," she experienced purported "[m]alfunctions with both my work computers…," and, therefore, claimed she was being "sabatoged." Id. ¶40. Furthermore, she alleges that her e-mail, "laurene.yu@gmail.com" has been "blocked throughout City of New York" Id. ¶63.[3] Plaintiff fails to offer any basis for her conclusion that these alleged acts were done for a discriminatory, or retaliatory reason, yet explains she had "[o]ngoing Help Desk tickets." Id. ¶¶ 40, 69.

4. 2016 Events:   Alleged Reprimand, Workplace Violence Report, Suspension, Training Class, Transfer, and Hearing on Suspension

According to Plaintiff, in January 2016, a retiring supervisor was urged to reprimand her, but Plaintiff adds "[a]t the end of the week, I did not receive a report," thereby illustrating no alleged reprimand even occurred. SAC ¶41. Plaintiff states that she submitted a Workplace Violence Report due to "Defendant's [sic] retaliatory treatment," but the Amended Complaint offers no further details. Id. ¶44.

Further, Plaintiff alleges that on March 13, 2016, she was accused of threatening behavior by an ACS supervisor, "disciplined for 30 days without pay," then threatened with termination, yet her alleged "complaints" (undisclosed) were ultimately dismissed. Id. ¶43. Additionally, Plaintiff alleges on April 14, 2016, she was pulled out of a training class after a mistake regarding her attendance approval occurred. Id. ¶46. She alleges in July of 2016, she filed an internal EEO

---

[3]Defendants are perplexed by this allegation in particular. Defendants respectfully note that Plaintiff has successfully responded to Defendants' Counsel with this e-mail account and Plaintiff has included this address in her pleading.

complaint regarding her then-recent transfer, which was dismissed. Id. ¶49. Plaintiff acknowledges that a hearing was held in August 2016 in connection with her thirty-day suspension. Id. ¶ 50.

     5.   Alleged Time Sheet Alterations

     Plaintiff purports that on or about April of 2016 her time sheet was altered, and thus she claimed that she was cheated out of two days' pay.  Id. ¶¶46, 47. The Defendants note, however, that in Plaintiff's previously Amended Complaint, filed June 1, 2020, she stated this alleged event occurred in August of 2016.  See Dkt. No. 57 ¶63 .Despite the inconsistency, Plaintiff offers no evidentiary support, nor does she offer any detail to suggest this occurred for discriminatory or retaliatory reasons, nor does she offer any explanation as to why she did not grieve this alleged event through her Union. SAC ¶¶ 46, 47.

     6.   Office Relocation

     Plaintiff contends, on two occasions, her office location changed: (1) in January 2015, she was moved to the "[o]ffice of Deputy Commissioner… without reason or explanation" (id., ¶37); and, (2) on April 13, 2016, she was given "two hours" to pack her belongings when she was transferred to a work location, and never "given a reason" for her transfer.  Id. ¶46.  As it relates to both instances, Plaintiff offers no support to suggest that these alleged acts were done for discriminatory or retaliatory reasons.  Id., ¶¶37, 46.

     7.   Summary

     In sum, Plaintiff offers no factual support for any suggestion that any of these alleged events were motivated by discriminatory or retaliatory animus.  See gen. SAC.[4]

---

[4] As indicated above, Plaintiff also alleges multiple purported events that are far outside the limitations period.  For the completeness of the record, Defendants note that, in April 2012, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("SDHR"), and the SDHR ultimately determined that no probable cause existed to support Plaintiff's claims. See Exhibit ("Exh.") "B."  Plaintiff alleged, in that same filing, that her then-supervisor, in approximately April 2012, said that they should go after the Asian girl, but the SDHR concluded, after its investigation, that the remark was not discriminatory. Id. Notably, Plaintiff's SAC dates the supervisor's statement as late 2011 or early 2012 (SAC ¶ 14), the date of the alleged comment is thus inconsistent with the filing of the SDHR charge one year earlier.  Further, Plaintiff claimed she was disciplined with a thirty-day suspension in May of 2012 in retaliation for

C.      **The OATH Hearing and Plaintiff's Termination**

The record before the Court shows Plaintiff was charged with, <u>inter alia</u>, using disrespectful language towards her supervisors; failing to obey orders; and engaging in threatening behavior, all based on incidents that occurred in March 2016.  The charges were affirmed in an OATH proceeding held in August of 2016 pursuant to §75 of the Civil Service Law. <u>See</u> Exh. "A."

The charges related to Plaintiff's conduct on March 10 and 11, 2016 and were supported by testimony and documentary evidence.  Ms. Simmons, Plaintiff's then supervisor, testified that she was awaiting guidance from the timekeeping unit before she could approve Plaintiff's timesheet, and Ms. Simmons further testified that she so informed Plaintiff. Exh. "A", at 2-3.  OATH ALJ Alessandra Zorgniotti credited Ms. Simmons' testimony that Plaintiff became visibly agitated, and demanded that Ms. Simmons approve her timesheet ("Just approve what I send you," "Do you even know how?"), and that her behavior escalated to the point of yelling "I'm going to take you down.  I am going to take everyone here down."   <u>See id.</u> at 3-5.  ALJ Zorgniotti further credited Ms. Simmons' testimony that the ACS Assistant Commissioner and Executive Director of Program Services were so concerned about Plaintiff that they locked themselves in the office, and further that ACS police escorted Plaintiff out of the building.  <u>See id.</u> at 4-6.

Additionally, ALJ Zorgniotti credited Ms. Simmons' testimony that over the next few days, after receiving a suspension letter based on these incidents, Plaintiff sent ACS employees various e-

---

filing that charge (SAC ¶ 30), but an OATH Administrative Law Judge ("ALJ") determined that plaintiff was properly disciplined because she had thrown a flash drive at a supervisor.  Exh. "D."  The ALJ determined that a thirty-day suspension was an appropriate penalty since "despite being apprised of the seriousness with which her employer views her misconduct, [plaintiff] continues to conduct herself in the same manner . . . [and] continues to demonstrate a profound disdain for her supervisor and feels entitled."  <u>See id.</u> at 10.  The ALJ concluded that Plaintiff's friend's testimony during the OATH hearing in 2013 that that a supervisor told this witness repeatedly "that they should have gotten the Asian girl." was not credible.  <u>Id.</u>  In any event, these alleged statements by the supervisor, according to Plaintiff's witness, were made in 2013.  <u>Id.</u>  The ALJ also rejected Plaintiff's claims that she had been the victim of discrimination and retaliation, and instead found that Plaintiff was "argumentative, . . . condescending . . . .rude and disrespectful."  <u>Id.</u>   The ALJ stated that "[Plaintiff's] testimony was self-serving and contrived.  At times it appeared as though she was fabricating the testimony as she was testifying."  <u>See id.</u> at 3.  Finally, both the CSC, and the New York State Supreme Court in Plaintiff's Article 78 proceeding each upheld the thirty-day suspension. <u>See</u> Exhs. "E," and "F."

mails and text messages in which Plaintiff called her fellow ACS employees "disgusting." See id. at
6.  After being served with charges on March 14, 2016, Plaintiff sent e-mails to ACS' Employment
Law Unit stating "this is bullshit and you should grow up." Id.  ALJ Zorgniotti found that Ms.
Simmons' testimony was corroborated by other witnesses and documentary evidence. Id.

ALJ Zorgniotti noted that she obtained and reviewed an abstract of Plaintiff's personnel
record, and found that Plaintiff "has demonstrated a pattern of disrespectful and threatening
behavior and has been formally disciplined on five prior occasions." Id. at 11-12.  ALJ Zorgniotti
cited the following:

> In 2010, [Plaintiff] was issued a written reprimand for using profanity and throwing
> a ream of paper at a co-worker.  Also in 2010, [Plaintiff] served a five-day
> suspension without pay for using rude and disrespectful language towards a
> supervisor.  In 2011, [Plaintiff] served a 20-day suspension without pay for
> insubordination, failing to perform her duties, and using rude and disrespectful
> language towards her supervisor.  In 2012, [Plaintiff] entered into a global settlement
> with respect to a pending arbitration and two additional sets of charges consolidated
> before this tribunal.  The charges included an EEO violation towards a fellow
> employee, using disrespectful and inappropriate language directed towards a fellow
> employee, and failing to perform her duties. [Plaintiff] agreed to a 20-day suspension
> without pay, which was previously served in 2011, and to withdraw the pending
> arbitration appealing the imposition of the 20-day penalty from 2011. Following a
> hearing in 2013, [Plaintiff] received a 30-day suspension for being disrespectful
> when her supervisor requested that she download a file from her computer to a flash
> drive and [Plaintiff] then threw the flash drive at her supervisor. Admin. for
> Children's Services v. Yu, OATH Index No. 2691!3 (Apr. 4, 2013), aff'd, NYC Civ.
> Serv. Comm'n Item No. 35136 (Dec. 9, 2013).

See Exh. "A," at 11-12.

On the basis of the aforementioned proven misconduct, prior disciplinary record, and "the
absence of any compelling mitigation evidence," ALJ Zorgniotti determined that the appropriate
penalty was termination.  See id. at 13-14.  The recommended penalty was approved by ACS
Commissioner Gladys Carrion, Esq.  See Exhibit "G."

Plaintiff admits that she was terminated on September 15, 2016, and that the Civil Service
Commission ("CSC"), which is another independent City agency, upheld both her termination and

her previous thirty-day suspension. SAC ¶¶ 67-69; <u>see</u> <u>also</u> Exh. "H"; <u>see</u> <u>also</u> https://www1.nyc.gov/site/csc/about/about.page (CSC's website, noting its independence from other City agencies).

**D.      Procedural History of the Instant Action**

As noted, Plaintiff waited until July 25, 2017 to file her EEOC Charge. <u>Yu</u>, 2020 U.S. App LEXIS 3147, **3. She reports she obtained a Right to Sue letter dated August 10, 2017. Exh. "C." In the Dismissal and Notice of Rights, the EEOC indicated that it was closing its file because: "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." <u>See id</u>.

Plaintiff's original Complaint was filed on September 25, 2017. Dkt. No. 2.  The original Complaint alleged multiple forms of discrimination under various federal, State, and local statutes, including on the basis of Plaintiff's unidentified religion, unidentified marital status, and unspecified alleged disability. <u>See id</u>.

After Defendants successfully moved to dismiss, the Second Circuit affirmed in part, and remanded the dismissal, in part, and held that Plaintiff's opposition papers to the motion to dismiss showed that some potentially timely claims "<u>may</u> survive if properly [re]pleaded."  <u>Yu</u>, 2020 U.S. App. LEXIS 3147, at **5.  The Circuit affirmed the dismissal of Plaintiff's claims under 42 U.S.C. § 1981, as well as her claims under Title VII that accrued prior to July 25, 2017, and her §1983, SHRL, and CHRL claims that accrued prior to September 25, 2014. <u>Id</u>., **3.  The Second Circuit further held that claims outside these dates were time-barred and that leave to replead these claims had properly been denied on that basis.  <u>Id</u>.

The Circuit remanded to the District Court to determine if timely claims might be barred by collateral estoppel and/or election of remedies.  <u>Id</u>., **5-6.  The Court declared that Plaintiff's claims, as originally plead, had been conclusory. <u>Id</u>., at 5

On April 1, 2020, the Honorable Barbara C. Moses held a teleconference with both parties. At said teleconference, Magistrate Judge Moses noted that, <u>inter alia</u>, of Plaintiff's remanded claims, only her *timely* discrimination claims may be viable if properly pleaded. Exh. "H." Furthermore, Magistrate Judge Moses noted that Plaintiff's original Complaint failed to provide necessary factual basis to support at least some of Plaintiff's allegations of discrimination. <u>Id</u>.

On June 1, 2019, Plaintiff filed her first Amended Complaint.  She brought forth purported discrimination claims based on race ("Asian"), color ("yellow"), and national origin ("Chinese"), under Title VII, the Fourteenth Amendment's Equal Protection Clause (on an unspecified basis), enforceable under 42 U.S.C. §§ 1981 and 1983, as well as hostile work environment (on an unspecified basis) and retaliation. <u>See</u> Dkt. No. 57 at ¶¶ 5-8.  Plaintiff additionally alleged purported claims of discrimination based on race, color, national origin, and creed (unidentified), and hostile work environment and retaliation, under the SHRL and CHRL.  <u>See id</u>.

On June 15, 2020, Defendants filed a Motion to Dismiss. <u>See</u> Dkt. Nos. 61-63. The motion noted multiple deficiencies with Plaintiff's Amended Complaint including, but not limited to, Plaintiff's re-litigation of untimely claims (i.e., her purported claims pursuant to Title VII, NYSHRL, NYCHRL), as well as inclusion of factual allegations that have been resolved against her.  Following Defendants' motion, on June 25, 2020, Plaintiff was given the option to file an additional amended complaint.  <u>See</u> Dkt. No. 64.

Plaintiff's SAC, filed on July 31, 2020, alleged purported discrimination claims based on her race ("Asian"), color ("yellow"), and national origin ("Chinese"), hostile work environment, and retaliation under Title VII, the SHRL and CHRL. <u>See</u> Dkt. No. 65.  She also alleged discrimination on the basis of her unspecified creed under the SHLR and CHRL.  Dkt. No. 65 ¶8.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S TITLE VII CLAIMS MUST FAIL
AS THEY ARE BARRED BY THE APPLICABLE
STATUTE OF LIMITATIONS PERIOD AND/OR
PLAINTIFF'S FAILURE TO EXHAUST HER
ADMINISTRATIVE REMEDIES**

**A.     Plaintiff's Title VII Time Barred Claims**

All of Plaintiff's Title VII claims alleging discrimination and/or retaliation accruing prior to

September 28, 2016 must be dismissed as untimely.  As the Second Circuit held, "[Y]u filed her

EEOC charge on July 25, 2017, so any claims based on discrete acts occurring prior to September

28, 2016 were untimely."  See Yu, 2020 U.S. App LEXIS 3147, **3.  Furthermore, in the parties'

teleconference dated April 1, 2020, Magistrate Judge Moses stated, "[Plaintiff is] permitted to re-

plead [her] federal claims… to the extent that they are based on events after September 28, 2016."

See Exh. "H" at page 15, lines 17-20.  Nevertheless, Plaintiff failed to follow the Second Circuit

Order, and the instruction of Magistrate Judge Moses, and preferred multiple claims outside this

time period.  See gen. SAC.

In any event, all of Plaintiff's Title VII claims based on acts occurring prior to September

28, 2016 must be dismissed as indisputably time-barred.  See 42 U.S.C. § 2000e-5(e)(1); Yu, 2020

U.S> App. LEXIS 3147, **3.

Further, Plaintiff acknowledged that she was terminated almost two weeks earlier, on

September 15, 2016. See SAC ¶ 52.  As such, all of Plaintiff's Title VII claims are time-barred.

**B.     Plaintiff's Failure to Exhaust Her Administrative Remedies**

Additionally, Plaintiff's purported Title VII claims alleging discrimination based on her

National Origin fail as Plaintiff failed to exhaust her administrative remedies. As noted by the

Second Circuit, "as a precondition to bringing suit in federal court, a plaintiff must first pursue

available administrative remedies…"  See Yu, 2020 U.S. App LEXIS 3147, at **3.  Plaintiff must file a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") prior to commencing an action under Title VII.  Exhaustion of this administrative remedy is a mandatory precondition to commencing suit under Title VII.  See McInerney v. Rensselaer Polytechnic Inst., 505 F.3d 135, 138 (2d Cir. 2007).

Plaintiff's Notice of Charge of Discrimination, however, only alleged Race, Age, and Retaliation as the bases of alleged discrimination.[5]  See Exhibit "C."  Accordingly, because Plaintiff did not pursue available administrative remedies with respect to her alleged claim of discrimination based on her national origin, this claim under Title VII must be dismissed.

**POINT II**

**PLAINTIFF'S CLAIMS UNDER THE CHRL AND SHRL ARE BARRED TO THE EXTENT THEY ACCRUED BEFORE SEPTEMBER 25, 2014**

Judicial actions filed pursuant to the New York State Human Rights Law ("SHRL") and New York City Human Rights Laws ("CHRL") must be commenced within three-years following the alleged unlawful actions.  N.Y. C.P.L.R. § 214(2); NYC Admin. Code 8-502(d).  As noted by the Second Circuit, "The district court properly concluded… Yu's state and city discrimination claims are subject to a three-year statute of limitations…. Yu filed her complaint on September 25, 2017… thus, any such discrimination claims based on acts occurring prior to September 25, 2014 are time barred."  Yu, 2020 U.S. App LEXIS 3147, **2.   Nevertheless, Plaintiff's SAC contains numerous time barred allegations under the SHRL and CHRL. See gen. SAC ¶¶12-40. These claims must be dismissed as time-barred, consistent with the Second Circuit's decision.  See Yu, supra.

---

[5] Please note, Plaintiff dropped all potential claims of age discrimination, as she no longer alleges this was a basis for any discrimination.  See generally SAC.

**POINT III**

**PLAINTIFF'S SHRL AND CHRL CLAIMS,
EVEN IF OTHERWISE VIABLE, ARE BARRED
BY THE FACTUAL FINDINGS OF HER
ADMINISTRATIVE HEARINGS AND THE
DOCTRINE OF COLLATERAL ESTOPPEL**

Plaintiff's SAC constitutes an additional challenge to Plaintiff's disciplinary charges, including those that resulted in her termination.  As noted in Plaintiff's SAC, in 2013 an administrative hearing regarding the Plaintiff was conducted before ALJ Kara J. Miller; and, in 2016, an administrative hearing regarding Plaintiff was conducted before ALJ Alessandra Zorgniotti.  See Exhs. "A" and "D;" SAC ¶¶ 67-70.  In both cases, the hearings were held before an independent City agency, OATH.  See Exhs. "A" and "D."  In addition, Plaintiff appealed both decisions to the CSC, and appealed the first decision to the State Supreme Court.  See Exhs. "E," and "F."  In sum, although Plaintiff already had a full and fair opportunity to contest her disciplinary charges and their factual underpinnings, she nonetheless seeks an impermissible second – actually third and fourth -- bite at the apple in the instant case. SAC ¶¶ 67-70.

Defendants raised this assertion regarding collateral estoppel in their prior Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 61), and annexed to Defendants' supplemental declaration of Kimberly E. Wilkens (Dkt. No. 62) are Plaintiff's hearing documents.  Notably, Plaintiff attempted to address this argument and contended "[f]acts listed in my revised Amended Complaint [the SAC] have not been brought up before an administrative trials and thus should be considered as new facts for my current case."  See SAC ¶ 13.  Nevertheless, in the paragraph directly following (see SAC ¶ 14), and many thereafter, Plaintiff specifically cites to her administrative trial records in purported support of her allegations.  See gen SAC ¶¶ 14-15, 18, 29-36, 41-54, 64-69 (titled "Administrative Offices and AJ, reports and findings.").  Furthermore, littered throughout Plaintiff's SAC, Plaintiff includes citations to Defendants' exhibits of her prior

administrative hearings annexed to their prior Motion to Dismiss (Dkt. No. 62).  See gen SAC ¶¶ 14-15, 18, 29-36, 41-54, 64-69 (titled "Administrative Offices and ALJ, reports and findings.").  In sum, it is undeniable that plaintiff is well aware – and has made this Court aware – of the record regarding her administrative hearings and the resulting discipline against her.  See Exhs. A, D, E.

These allegations must be dismissed for any, or all, of the following reasons.  First, Plaintiff includes untimely allegations that are barred by statute of limitations, and, therefore must be dismissed.  See SAC.  Moreover, with respect to Plaintiff's timely claims, a request to have this Court consider factual allegations previously litigated is a "do-over" foreclosed by the doctrine of collateral estoppel.  See Buttaro v. City of New York, 2016 U.S. Dist. LEXIS 125965 (E.D.N.Y. Sept. 15, 2016), *dismissed on reconsideration*, Buttaro v. City of New York, 2017 U.S. Dist. LEXIS 70193 (E.D.N.Y. May 8, 2017).

As noted in Point I, supra, Plaintiff's claims under Title VII are time-barred. Accordingly, Plaintiff's only remaining potentially viable claims are under the SHRL, and the CHRL.  Courts apply collateral estoppel to claims under each of these statutes. See Buttaro, supra.

When a state agency, such as the instant agency, OATH, acts in a judicial capacity resolving issues of fact properly before it, which the parties have had an "adequate opportunity to litigate," federal courts "must give the agency's fact finding the same preclusive effect to which it would be entitled in the State Courts.  See id. at 15 (internal citations omitted). In addition, collateral estoppel applies to an ALJ's factual determinations rendered after an administrative hearing.  See Matusick v. Erie County Water Auth., 757 F.3d 31, 46 (2d Cir. 2014)("New York courts have granted preclusive effect to [a hearing officer's] recommendations later adopted by the state agency."); Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998)(affirming "decision of the district court to apply collateral estoppel" where "strong public policy favors giving preclusive effect to the ALJ's factual determinations"); see also W&D Imps., Inc. v. Lia, 563 Fed. Appx. 19, 22-23 (2d Cir.

2014)(affirming Rule 12(b)(6) dismissal of complaint based upon ALJ's factual findings). Applying this standard here, all factual determinations made in Plaintiff's administrative proceeding are afforded preclusive effect because the issue was necessarily decided, and Plaintiff was provided a full and fair opportunity to litigate these issue. <u>See gen</u>. SAC ¶¶ 14-15, 18, 29-36, 41-54, 64-69 (titled "Administrative Offices and AJ, reports and findings."). As such, the record established that Plaintiff, on the basis of the aforementioned proven misconduct, prior disciplinary record, and "the absence of any compelling mitigation evidence," ALJ Zorgniotti determined that the appropriate penalty was termination.  <u>See</u> Exh. G ¶ 69.  The ALJ also found that Plaintiff engaged in the following misconduct in 2016: (1) yelled at her supervisor, (2) failed to leave her supervisor's office as directed, (3) behaved in a rude and threatening manner outside her supervisor's office, (4) yelled at ACS police, (5) sent inappropriate e-mails to her supervisors, (6) yelled at her supervisor and engaged in threatening behavior until she was escorted out of the building, (7) sent give inappropriate e-mails. <u>See</u> Exh. "A."

Given these factual findings, Plaintiff cannot credibly contend that her termination is actionable under any of the statutes she references.

**POINT IV**

**PLAINTIFF'S CLAIMS, EVEN IF OTHERWISE VIABLE, FAIL TO STATE A CAUSE OF ACTION AND SHOULD BE DISMISSED**

**A.      Standard of Review**

To withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  Rule 12(b)(6) of the Federal Rules of Civil Procedure instructs that a complaint may be dismissed "for failure [of the pleading] to state a claim upon which relief can be granted."  At the pleading stage, a complaint "must contain sufficient factual

16

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Providing mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." <u>Iqbal</u>, 556 U.S. at 679 (citation and internal quotation marks omitted).

When a plaintiff is *pro se*, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) (quotations and citation omitted). "Even in a *pro se* case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id</u>. at 170 (quotations and citation omitted).

Here, Plaintiff, prior to submitting her first Amended Complaint, was instructed by Magistrate Judge Moses "[t]o the extent [Plaintiff chooses] to re-plead [her timely claims], it is [her] responsibility… to plead facts rather than conclusions." <u>See</u> Exh. "H" at page 15, lines 22-25; page 16, line 2. Nevertheless, as discussed immediately below, Plaintiff failed to meet her burden of pleading more than conclusory statements of alleged discrimination, hostile environment, or retaliation. <u>See</u> <u>Chavis</u>, 618 F.3d 162 at 170.

In the context of an employment discrimination complaint, this "requirement to plead facts is assessed in light of the presumption that arises in the plaintiff's favor under <u>McDonnell Douglas</u> [<u>Corp. v. Green</u>, 411 U.S. 792 (1973),] in the first stage of the litigation." <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 310 (2d Cir. 2015). As such, absent direct evidence of discrimination, to survive a motion to dismiss a complaint of discrimination "must be <u>plausibly supported by facts alleged</u> . . . that the plaintiff is a <u>member of a protected class</u>, was qualified, suffered an adverse

employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Id. at 311 (emphasis added).

**B.     Plaintiff's Timely Discrimination Claims Fail**

Federal employment discrimination claims, and their parallels under the SHRL and CHRL, are analyzed under the three-step, McDonnell Douglas burden-shifting analysis.   McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004) (Title VII, § 1983 claims); Guity v. Uniondale Union Free Sch. Dist., No. 15-5693, 2017 U.S. Dist. LEXIS 27542, at *34 (E.D.N.Y. Feb. 23, 2017); Forrest v. Jewish Guild for Blind, 3 N.Y.3d 295, 305 (2004) (SHRL and CHRL claims).   To establish a prima facie case of discrimination, Plaintiff must show that she is a member of a protected class, that she was qualified for the position, and that she suffered an adverse employment action under circumstances giving rise to an inference of discrimination.   See Valtchev v. City of N.Y., 400 F. App'x 586, 591 (2d Cir. 2010).

1.   Absence of Adverse Employment Actions

Here, Plaintiff claims alleged employment discrimination under both federal law and state laws (SHRL and CHRL) on the basis of race ("Asian"), color ("yellow"), and national origin ("Chinese"), (SAC ¶¶ 5-7).   In the context of a discrimination claim, under federal law or the SHRL, "[a] plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment."   Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., 483 F. App'x 660, 662 (2d Cir. 2012) (citing Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)); Bright v. Coca Cola Refreshments USA, Inc., 2014 U.S. Dist. LEXIS 155565. *2 (E.D.N.Y. Nov. 13, 2014). For an employment action to be materially adverse, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities."   Malcolm, 483 F. App'x at 662.   Thus, "[e]veryday workplace grievances, disappointments, and setbacks do

18

not constitute adverse employment actions." La Grande v. DeCrescente Distrib. Co., 370 F. App'x 206, 211 (2d Cir. 2010).

In many cases, Plaintiff's SAC fails to illustrate facts showing that she was suffering anything more than, at most, non-actionable workplace grievances, disappointments, or setbacks. See Grande, 370 F. App'x 206 at 211. For example, Plaintiff contends that her reporting structure was changed and that she was threatened with, but did not receive, disciplinary write-ups. See SAC ¶¶ 37, 41. These allegations fail to rise to the level of actionable adverse employment actions, at least under federal and State law. See, e.g. Bright, 2014 U.S. Dist. LEXIS 155565, *34 (noting that reprimands, threats of disciplinary action, and excessive scrutiny are not adverse employment actions).

The CHRL standard for an adverse employment action is less stringent, but Plaintiff must "show that [he or she] has been treated less well as least in part because of [his or her protected characteristic] and "[t]he Plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive." See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013). As discussed below, Plaintiff fails to plead facts showing that any action was taken against her *because* of her protected characteristics, and this failure warrants dismissal of her claims of discrimination. See Beverley v. N.Y. City Health & Hosps. Corp., 2020 U.S. Dist. LEXIS 55946, *9, *16 (S.D.N.Y. Feb. 3, 2020) (granting motion to dismiss CHRL claims on this basis).

2.   No Inference of Discrimination

Even in the few instances where Plaintiff alleged an actionable adverse employment action, including termination, she failed to provide facts illustrating an inference of discriminatory intent. For instance, Plaintiff contends, "Continually, up till [sp] present my email on file

19

Laurene.yu@gmail.com has been blocked throughout City of New York,[6] and I have further been denied work opportunities. See SAC. ¶ 63. Although Plaintiff makes a broad allegation that she was discriminated against on the basis of her race, color, national origin, and creed in the beginning of her SAC (SAC ¶ 7), nowhere does she provide any facts sufficient to give even a minimal inference that she was discriminated based on any of her listed characteristics. See gen. SAC.

Plaintiff's conclusory allegations with respect to all her claims of discrimination are consistent: she provides no supporting facts. See gen. SAC. Both the Second Circuit and Magistrate Judge Moses instructed Plaintiff to include supporting factual allegations and she has chosen to disregard those instructions. See Yu, 2020 U.S. App LEXIS 3147 at **5; Exh. "I" pg. 16.

Plaintiff's broad and wholly unsupported allegations are conclusory and not entitled to be assumed true. See Iqbal, 556 U.S. at 681; Littlejohn, 795 F.3d at 311-12 (finding that Iqbal's requirements apply to complaints of discrimination and that a complaint of discrimination must contain facts that "give plausible support to a minimal inference of discriminatory motivation"). Even under the CHRL, where a Plaintiff fails to plead facts suggesting that "she has been treated less well than other employees because of her protected status[,] or that discrimination was one of the motivating factors for the defendant's conduct," she fails to plead a cause of action for intentional discrimination. See Chin v. N.Y.C. Hous. Auth., 106 A.D.3d 443, 445 (1st Dep't 2013), app. denied, 22 N.Y.3d 861 (2014); see also Whitfield-Ortiz v. Department of Educ. of the City of New York, 116 A.D.3d 580, 581 (1st Dep't 2014) (upholding dismissal where the complaint did not "contain any factual allegations demonstrating that similarly situated individuals were treated more favorably than plaintiff"); Askin v. Dep't of Educ. of the City of N.Y., 110 A.D.3d 621, 622 (1st Dep't 2013) (affirming dismissal where plaintiff "did not make a concrete factual allegation in

---

[6]Supra note 3 (Defendants are perplexed by this allegation in particular. Defendants respectfully note that Plaintiff has successfully responded to Defendants' Counsel with this e-mail account and Plaintiff has included this address in her pleading).

support of [her] claim," beyond "mere legal conclusions"); <u>Ortiz v. City of New York</u>, 105 A.D.3d 674 (1st Dep't 2013) (dismissing discrimination claims where plaintiff failed to sufficiently allege a cause of action under the Human Rights Laws).

Plaintiff's failure to follow the guidance and instructions of the Second Circuit and the Magistrate Judge should not be rewarded, and her claims should be dismissed, with prejudice.  <u>See also</u> <u>Beverley</u>, <u>supra</u>.

**C.      Plaintiff's Retaliation Claims Fail**

A prima facie case of retaliation under requires a plaintiff to "demonstrate that '(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action.'"  <u>Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.</u>, 716 F.3d 10, 14 (2d Cir. 2013) (citation omitted); <u>Kessler v. Westchester County Dep't of Soc. Servs.</u>, 461 F.3d 199, 205 (2d Cir. 2006).  Under federal, state, and city law, protected activity "refers to action taken to protest or oppose statutorily prohibited discrimination." <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 566 (2d Cir. 2000);

For a retaliation claim, an adverse employment action is one that is "materially adverse to a reasonable employee or job applicant," and must be "'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'"  <u>Hicks v. Baines</u>, 593 F.3d 159, 165 (2d Cir. 2010) (quoting <u>Burlington Northern & Santa Fe Ry. v. White</u>, 548 U.S. 53, 57 (2006)); <u>Bermudez v. City of New York</u>, 783 F.Supp.2d 560 at 576 (S.D.N.Y. 2011). The standard for actionable conduct is similar under the CHRL. <u>Petty v. City of New York</u>, 10 Civ. 8581 (KPF), 2014 U.S. Dist. LEXIS 164649, S.D.N.Y. Nov. 25, 2014)("[T]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action <u>opposing her</u>

employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.")(emphasis added).

Here, Plaintiff does not point to any alleged protected activity that would support a claim of retaliation.  See gen. SAC.  Plaintiff's SAC refers to only two specific instances in the even-arguable relevant (i.e. post September 2014) time period where Plaintiff allegedly complained about her supervisors, or co-workers.  Plaintiff claims that: (1) in March 2016, Plaintiff filed a Workplace Violence report in response to alleged retaliation (SAC ¶ 44); (2) in September 2016, Plaintiff allegedly reported undisclosed "abuses" to the Department of Investigation. SAC ¶ 51. In none of these instances, however, does Plaintiff's SAC even suggest that Plaintiff reported alleged discriminatory conduct.  As such, consistent with the case law cited above, she has not alleged that she engaged in a protected activity sufficient to support her claims of retaliation.

Even under CHRL, Plaintiff cannot show, nor does Plaintiff even attempt to show, that any purported retaliation played any part in her employer's decisions to the extent they constituted adverse employment actions.  See gen. SAC. Once again, Plaintiff has failed to put forth factual allegations supporting any contention that her protected class status led to discrimination.

Accordingly, Plaintiff's allegations of retaliation must be dismissed.

**D.     Plaintiff's Hostile Work Environment Claims Fail**

To support a hostile work environment claim under Title VII, or the SHRL, "plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected status]."  Fukelman v. Delta Air Lines, Inc., 2020 U.S. Dist. LEXIS 66410 (E.D.N.Y. Apr. 13, 2020, *adopted in part, dismissed in part by*, Fukelman v. Delta Air Lines, Inc., 2020 U.S. Dist. LEXIS 66410 (E.D.N.Y.

May 29, 2020)(affirming dismissal of hostile work environment claims pursuant to Title VII, and SHRL).

Similarly, under the CHRL, plaintiff must show she was treated less well than colleagues because of a protected characteristic to support her claims.  Chong v. City of New York, 2020 N.Y. Misc. LEXIS 2667 (N.Y. County Sup. Ct. Jun. 11, 2020).  Here, as shown below, although Plaintiff has used the word "hostile" multiple times in her SAC, she fails to present facts supporting either the first or the third element under federal or State law, and has failed to plead in non-conclusory terms, under the CHRL, that she was treated less well because of any characteristic.

Plaintiff's purported hostile work environment fail for multiple reasons.  First, the instances in which Plaintiff attempts to illustrate a hostile work environment are generally untimely. Specifically, she alleges, "[i]n 2010…the group was furious and felt threatened… thus supporting the hostile work environment and agenda against me."  See SAC ¶ 25; additionally, she purports, "[i]n February 2011… due to the same continued hostile and unfair work environment...."  See SAC ¶¶ 28-29.  [s]ince 2010, I reported… the hostile work environment."  See id. ¶ 64.

Finally, of Plaintiff's limited, timely claims, such claims fail as Plaintiff alleges, at most, conclusory characterizations of her treatment as "hostile," which are not entitled to the presumption of truth, and fail to meet the Title VII/SHRL standard of severe or pervasive.  See SAC ¶ 69("[Plaintiff] had outperformed and produced each and every time during my entire discriminatory and retaliatory hostile work environment…").  See also Pfizenmayer, 2017 U.S. Dist. LEXIS 217335, *11-12; Littlejohn, 795 F.3d at 311-12; Kaisman, 61 A.D.3d at 566.  Indeed, with the limited exceptions discussed immediately below, nowhere in the SAC does Plaintiff even allege any remarks made disparaging her race, color, national origin, or her unidentified creed.

These exceptions, according to the SAC, are that a single supervisor purportedly stated on two separate occasions (1) "in late 2011 or early 2012…," allegedly made a remark "[t]hey should

have gotten the Asian girl," and (2) in March 2013, the same supervisor allegedly stated, "[t]hey should go after the Asian girl."  See SAC ¶ 14; see also Yu, 2020 U.S. App. LEXIS 3147, **4 (discussing "Asian girl" comment).[7]  First, the alleged comments were purportedly made by a prior supervisor, which undercuts any claim that Plaintiff's recent environment – i.e., the environment during what the Second Circuit has specified as the relevant time period -- was hostile. See SAC ¶ 69.  They also fail to support any claim of creed-based hostile environment.

Moreover, and fatal to the SAC, these comments – even if made – are far outside the limitations period set by the Second Circuit.  See Yu, 2020 U.S. App. LEXIS 3147, **5 (setting the limitations period as no earlier than September 2014).  In the absence of alleged actionable comments during the limitations period, as a matter of law, Plaintiff's hostile environment claims fail.  See id., at **3(only if at least one alleged act falls within the limitations period may all purportedly hostile acts be considered in evaluating work environment).

In sum, Plaintiff's purported hostile work environment claims fail as Plaintiff has not alleged facts to make it plausible that any timely alleged conduct occurred due to her race, color, national origin, and/or creed.  See gen. SAC. Therefore, her claim must be dismissed.  See Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) ("axiomatic that . . . a hostile environment . . . is actionable [] only when it occurs because of a . . . protected characteristic").

**POINT V**

**PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**

Furthermore, Plaintiff, having received two prior opportunities to amend, should not be entitled to yet another, third opportunity to amend.  It is well settled that leave to amend should

---

[7] Defendants note that the SDHR determined that the first alleged comment did not evidence discriminatory animus, and that the ALJ adjudicating Plaintiff's 2013 disciplinary hearing disbelieved testimony from Plaintiff's witness about the alleged multiple comments.  See Exh. "B."

not be afforded when "[previous permission to amend] failed to cure deficiencies."  See Jenkins v. Sea-Land Serv., 1994 U.S. Dist. LEXIS 11477, at *12 (S.D.N.Y. Aug. 17, 1994). Here, Plaintiff amended her previous complaint twice.  She has also had the benefit of the Second Circuit's decision, the instructions from Magistrate Judge Moses, and a review of defendants' multiple submissions outlining the deficiencies in her various filings.  However, she nevertheless failed to cure deficiencies, and instead raised, inter alia, blatantly time barred claims. See generally SAC Therefore, Plaintiff's claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion to dismiss the Complaint in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:          Syosset, New York
                August 14, 2020


                                        JAMES E. JOHNSON
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-109(e)
                                        New York, New York 10007
                                        (212) 356-4083
                                        kwilkens@law.nyc.gov

                                        By:  _____/s/_____
                                                Kimberly E. Wilkens
                                                Assistant Corporation Counsel

Donald C. Sullivan,
Kimberly E. Wilkens,
Of Counsel.

25