UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Laurene Yu,

               Plaintiff,

vs.

CITY of New York, and
ADMINISTRATION FOR CHILDREN
SERVICES (ACS),

               Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

[17-cv-7327]

# INTRODUCTION[1]

Plaintiff, Laurene Yu, requests that the Court deny the Defendant's motion to dismiss.

In construing Plaintiff's response, Plaintiff asks that the Court read any new additional facts asserted in this opposition brief as supplementing the operative complaint, as the Court must do with pro se litigants. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (overturning the district court's grant of dismissal where the complaint and opposition papers to a motion to dismiss when combined stated a claim upon which relief could be granted).

# ARGUMENT

Here, the defendants have raised various arguments against the causes of action Plaintiff alleged under federal and state law. Plaintiff asks the Court to construe the complaint liberally in considering its ruling. The Defendants have raised numerous arguments, all of which fail, but

---

[1] "This document was prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY."

1

Plaintiff is unable to respond to specifically to them all because there are so many and is pro se. However, Plaintiff does not intend to waive or forfeit any of Plaintiff's causes of action.

**I.   Plaintiff's SHRL and CHRL claims are not barred by Doctrine of Collateral Estoppel**

Defendants claim that Plaintiff's SHRL and CHRL claims must be dismissed because they are barred by Doctrine of Collateral Estoppel. Defendants argues that because Plaintiff specifically cites to her administrative trial records in purported support of her allegations and includes citations to Defendants' exhibits of her prior administrative hearings annexed to their prior Motion to Dismiss, Plaintiff is well aware of the record regarding her administrative hearings and the resulting discipline.

Defendants mistakenly claims that Plaintiff ignored facts and results of 2013 and 2016 administrative hearings and what Plaintiff actually did was summarizing findings of those two hearings to help clarify the distinction between facts that were handled by Administrative hearings and new facts are stated in Plaintiff's present federal case.

As Plaintiff stated in the Second Amended Complaint ("SAC"), facts including, but not limited to, Workplace Violence Report, Training Class and Time Sheet Alterations, Office Relocation in 2016 are distinctively different from facts listed in both administrative hearings. The case law that Defendant relies upon for their arguments on Judicial Estoppel, thus, does not support their claim that administrative hearings in 2013 and 2016 is entitled to preclusive effect.

**II.     Plaintiff has alleged facts adequate to state a claim for discrimination based on race, color, and national origin under Title VII, NYSHRL and NYCHRL.**

Defendant seeks dismissal of the SAC on the ground that it fails to state any claim of employment discrimination. The sole basis upon which Defendant seeks such dismissal is its assertion that Plaintiff has failed to raise an inference of discrimination. Defendant argues that Plaintiff's broad and wholly unsupported allegations are conclusory and not entitled to be assumed true.

Here, Plaintiff has not made merely "broad and wholly unsupported allegations", as Defendants claim. Using the criteria set forth in McDonnell, Plaintiff has clearly stated a claim for employment discrimination based on race, color, and national origin. Plaintiff suffered an adverse employment action as described in the SAC. Adverse employment action occurred under circumstances not merely giving rise to an inference of discrimination, but directly connected to overt acts of discrimination as described in the SAC.

As stated in Plaintiff's SAC, Plaintiff was the only Chinese American employee at the graphic design unit and Chinese American employees were disproportionately represented in City of New York employees in general. Plaintiff was highly qualified for the position as a graphic artist with more than 10 years' experience in the field and held a Bachelors' Degree in the Arts. During Plaintiff's employment between 2010 and 2016, Plaintiff's supervisors and colleagues who were less experienced than Plaintiff were given opportunities for training, whereas Plaintiff was not given equal support as her colleagues were. In January 2015, Plaintiff was trying to apply for Mayor's Scholarship which was

open to all city employees. Plaintiff was denied from applying and told by Personnel Director Faustina Haynes that "the agency is not able to support me." In 2016, Plaintiff was transferred to Carnasie Brooklyn Warehouse without being given a reason of her transfer and why she would be a fit for her new job with her graphic design background. Plaintiff was not given any specific instructions of assignments and duties she had to perform. Nevertheless, Plaintiff was cooperative and diligent when she was working at Brooklyn Warehouse. On March 14, 2016, Plaintiff filed a Workplace Violence Report because of Plaintiff's retaliatory treatment after a dispute on Plaintiff's timesheet. On April 14, 2016, Plaintiff attended a class at City-Wide training center (DCAS), which was originally approved by former supervisor Dan Sedlis. She was called out in the middle of the training and told she had to leave because ACS didn't pay for the class. On the following day, Plaintiff noticed that two days of pay were withhold according to her timesheets and she was told that she was considered A.W.O.L on April 14, even though she had already got approval of scheduled training on that day. Plaintiff was not given an explanation in regard to why her payment was withheld. These events, if proven to the satisfaction of the trier of fact, were clear evidence of, and not merely an inference of discrimination. Plaintiff also suffered from several adverse employment actions that arose out of a racial bias that were tolerated and implicitly condoned by Plaintiff's supervisors.

**III.    The Amended Complaint States a Valid Claim for Retaliation**

Defendants claim that Plaintiff does not point to any alleged protected activity that would support a claim of retaliation. However, Plaintiff has stated a

valid claim for retaliation by virtue of engaging in protected activity which resulted in adverse employment actions intended to punish Plaintiff.

As stated above, on March 14, 2016, Plaintiff filed a Workplace Violence Report because of Plaintiff's retaliatory treatment after a dispute on Plaintiff's timesheet. The action to protect herself against hostility from her supervisors constituted "protected activity". The month after that, plaintiff noticed that two days of pay were withhold according to her timesheets and she was told that she was considered A.W.O.L on April 14, even though she had already got approval of scheduled training on that day. Plaintiff was not given an explanation in regard to why her payment was withheld. The temporal proximity between Plaintiff's filing Workplace Violence Report as well as the sudden and inexplicable alteration of timesheet creates a strong inference that the action was motivated by retaliatory intent.

The NYCHRL prohibition against retaliation is actually more liberally construed than under federal or state law, so that the retaliation need not have resulted in a material adverse change to the terms and conditions of employment, but rather looks at whether the employer engaged in conduct that was reasonably likely to deter a person from engaging in such actions. Based on the foregoing, Plaintiff has met her prima facie burden. Once an employee makes a prima facie case of retaliation under McDonnell Douglas, the burden shifts to the employer to give a legitimate reason for its actions.

**IV.   Plaintiff has stated a claim of hostile workplace discrimination**

Defendants seeks dismissal of the Second Amended Complaint on the ground that Plaintiff has not adequately alleged a claim of hostile work environment. Defendants

argue that there was absence of alleged actionable comments during the limitations period, as a matter of law, Plaintiff's hostile environment claims fail. However, Defendants failed to acknowledge the fact that before Plaintiff was transferred to Brooklyn Warehouse in 2016, she had never been informed of why she would be a fit for the new position as a graphic artist and her responsibilities at Brooklyn Warehouse. Moreover, between 2014 and 2016, despite Plaintiff reported the malfunctions of her work computer several times, there was little to none help offered by I.T. help desk. As a result, Plaintiff couldn't use software installed on the work computer and had a hard time completing the tasks assigned to her. Plaintiff didn't even have access to use the color printer when her prior supervisor Postiglinone and co-workers Marmelejos, Rewitiwiran, Parbhudial. Failing to use the color printer greatly impeded Plaintiff's ability to complete assignments. The discrepancy in terms of access to resources strongly implied that Plaintiff's employer has encouraged hostile and abusive work environment by tolerating disparate treatment. All the events mentioned above are timely and as one of few Chinese employees at her unit, the disparate treatment could be seen as humiliation of people of color.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the motion to dismiss.

Dated: 09/18/2020

Laurene Yu<br>
335 East 14th Street<br>
#52, New York, NY 10009<br>
917-592-5889